# EXHIBIT 3

**BOCHETTO & LENTZ, P.C.**
By:    George Bochetto, Esquire
        Kiersty DeGroote, Esquire
        Ryan T. Kirk, Esquire
Identification Nos.: 27783, 326081, 329492
1524 Locust Street
Philadelphia, PA 19102
(215)735-3900
(215) 735-2455 fax
gbochetto@bochettoandlentz.com
kdegroote@bochettoandlentz.com
rkirk@bochettoandlentz.com



*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **FRITZ BIANCULLI, LLC,** | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, |
| *Plaintiff,* | : | PENNSYLVANIA |
| | : | |
| v. | : | MAY TERM, 2024 |
| | : | |
| **PATRICK MCCABE, HOLLAND AND** | : | NO. 483 |
| **KNIGHT, LLP, JEAN DONOHUE,** | : | |
| **AND ERIC BERG,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants.* | : | |
| | : | |

## NOTICE

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requier que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia County Bar Association<br>1101 Market Street, 10th Floor<br>Philadelphia, PA 19107<br>Telephone: (215) 238-6300 | Philadelphia County Bar Association<br>1101 Market Street, 10th Floor<br>Philadelphia, PA 19107<br>Telephone: (215) 238-6300 |

Case ID: 240500483

**BOCHETTO & LENTZ, P.C.**                              *Attorneys for Plaintiff*
By:    George Bochetto, Esquire
       Kiersty DeGroote, Esquire
       Ryan T. Kirk, Esquire
Identification Nos.: 27783, 326081, 329492
1524 Locust Street
Philadelphia, PA 19102
(215)735-3900
(215) 735-2455 fax
gbochetto@bochettoandlentz.com
kdegroote@bochettoandlentz.com
rkirk@bochettoandlentz.com

|  |  |  |
|---|---|---|
| **FRITZ BIANCULLI, LLC,** | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY, |
|  | : | PENNSYLVANIA |
| *Plaintiff,* | : |  |
|  | : | MAY TERM, 2024 |
| v. | : |  |
|  | : | NO. 483 |
|  | : |  |
|  | : |  |
| **PATRICK MCCABE, HOLLAND AND** | : |  |
| **KNIGHT, LLP, JEAN DONOHUE, and ERIC** | : |  |
| **BERG,** | : |  |
|  | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : |  |
|  | : |  |

**COMPLAINT**

And now comes Plaintiff Fritz and Bianculli, LLC ("Plaintiff"), by and through undersigned

counsel ("B&L"), who hereby brings the following Complaint against Defendants, Patrick McCabe,

Holland and Knight, LLP, Jean Donohue, and Eric Berg (collectively, "Defendants").

**I.      INTRODUCTION**

1.      This matter arises from Holland & Knight's reckless and unlawful disregard of ethical

and contractual obligations to safeguard the confidential and sensitive information of its clients. Even

after disclosing a conflict requiring Holland & Knight to withdraw its representation of Plaintiff, it

failed to take any measures whatsoever to prevent Holland & Knight Partner and attorney, Patrick

Case ID: 240500483

McCabe, from unlawfully accessing Plaintiff's information and/or directing others to access this confidential information for reasons of personal animus. In failing to take any steps to protect Plaintiff's confidential information from a known conflict and permitting unfettered, illegitimate access to client files for unauthorized purposes, Defendants violated contractual, common law, and statutory duties and caused significant damages to Plaintiffs.

## II.     JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this matter pursuant to 42 Pa.C.S.A. § 931(a) and has personal jurisdiction pursuant to 42 Pa.C.S.A. §§ 5301, 5307, 5308, 5322, as more fully set forth below.

3.     Venue is proper in the Court of Common Pleas of Philadelphia County under Rules 1006, 2130, and 2179 of the Pennsylvania Rules of Civil Procedure as Defendants do substantial business in Philadelphia County and Philadelphia County is where the causes of action have arisen.

## III.     PARTIES

4.     Plaintiff Fritz and Bianculli, LLC ("Plaintiff" or "Fritz and Bianculli") is a Pennsylvania limited liability company with a registered address of 1515 Market Street, Suite 1801, Philadelphia, PA 19102.

5.     Defendant, Patrick McCabe ("Defendant McCabe") is an adult individual residing in the state of New Jersey at 17 Woodduck Drive, Mullica Hill, NJ 08062.

6.     Defendant, Holland & Knight, LLP ("Holland & Knight"), is a Florida limited partnership with a Pennsylvania office address of 1650 Market Street Suite 3300, Philadelphia, PA 19103.

7.     Defendant, Jean Donohue ("Defendant Donohue",) is an adult, and was employee of Holland & Knight at all relevant times, who may be served at 1650 Market Street Suite 3300, Philadelphia, PA 19103.

Case ID: 240500483

8.    Defendant, Eric Berg ("Defendant Berg"), is an adult, and employee of Holland & Knight at all relevant times, who may be served at 1650 Market Street Suite 3300, Philadelphia, PA 19103.

## IV.    FACTS

9.    The law firm of Fritz and Bianculli previously hired the law firm of Holland & Knight.

10.    This representation was limited to two employment law matters ("the Confidential Files" and/or "Fritz and Bianculli matters").

11.    Holland & Knight segregates its attorneys into "practice groups," in which the attorneys focus their practices on particular types of claims.

12.    As such, the matters being handled by Holland and Knight on behalf of Plaintiff— claims raised by former Fritz and Bianculli employees alleging employment law claims—were relegated to the employment law team at Holland and Knight.

13.    The primary handling attorney was Holland and Knight Partner, Valerie Brown (hereinafter "Brown").

14.    Brown and/or Holland and Knight never indicated that the matters being handled by Holland and Knight would involve Defendant McCabe.

15.    To the contrary, Defendant McCabe had no role, representational or otherwise, in the handling of the Fritz and Bianculli Confidential matters.

16.    Plaintiff had never and would never have consented to representation in these matters by Defendant McCabe.

17.    Defendant McCabe is an associate attorney and was made a partner at Holland & Knight during the relevant time period.

18.    Defendant McCabe was not on any aspect of the employment law team handling the Fritz and Bianculli matters.

3

Case ID: 240500483

19.     Defendant McCabe was not staffed on the Confidential Files of Fritz and Bianculli matters and had no substantive involvement in either matter.

20.     Defendant Donohue was an employee at Holland & Knight during the relevant time period.

21.     During the events described in this Complaint, Defendant Donohue transitioned from a summer associate at Holland & Knight to a full-time attorney.

22.     During her time as a summer associate, Defendant Donohue worked on Patrick McCabe's team and worked closely with Mr. McCabe.

23.     Defendant Donohue was not on the employment law team assigned to the Fritz and Bianculli matters and was never involved in the legitimate handling of the Confidential Files of Fritz and Bianculli.

24.     Defendant Donohue was not staffed on the Fritz and Bianculli matters and had no substantive involvement in either matter.

25.     Defendant Berg was, at all relevant times, an attorney and research specialist at Holland & Knight.

26.     Defendant Berg is a dear friend of Defendant McCabe.

27.     Defendant Berg is not on the employment law team and was never involved in the handling of the Confidential Files of Fritz and Bianculli.

28.     Defendant Berg was not staffed on the Fritz and Bianculli matters and had no substantive involvement in either matter.

29.     The Confidential Files matters involved the exchange of Fritz and Bianculli's highly sensitive financial information and employment records.

30.     During the pendency of the Fritz and Bianculli matters, Defendant McCabe accessed Fritz and Bianculli's sensitive and confidential information, including but not limited to financial

Case ID: 240500483

information and employment records contained within these files, without authorization and for an unauthorized, nefarious purpose.

31.     During and after the pendency of the Fritz and Bianculli matters, Defendants Donahue and Berg, either independently or in concert with Defendant McCabe accessed Fritz and Bianculli's sensitive and confidential information, including but not limited to financial information and employment records contained within these files, without authorization and for an illegitimate, nefarious purpose and/or to assist Defendant McCabe in his ulterior purposes.

32.     During and after the pendency of the Fritz and Bianculli matters, Holland and Knight knew or should have known of the adverse position and hostile interest Defendant McCabe, had towards Fritz and Bianculli but permitted the continued and unauthorized access of Defendants McCabe, Donahue, and/or Berg, to the Confidential Files of its client, Fritz and Bianculli, in complete disregard to their obligations owed to their ongoing and former client, Fritz and Bianculli.

33.     Defendant McCabe is presently in the midst of a contentious divorce from Kristy McCabe (née Fischer) ("McCabe Divorce Matter") which was filed in March of 2022.

34.     Upon information and belief, the divorce action was filed due to the abusive treatment and actions of Defendant McCabe.

35.     At deposition in the divorce action, Kristy McCabe provided detail of the abusive conduct of Defendant McCabe which precipitated the filing of the divorce action in March 2022 after informing McCabe of her desire for a divorce in January 2022.

36.     Kristy McCabe is an attorney and employee of Fritz and Bianculli.

37.     During this contentious divorce, Defendant McCabe revealed multiple instances of illegally accessing Fritz and Bianculli information for the unlawful purpose of collecting information on Kristy McCabe's income and client files.

5

Case ID: 240500483

38.    Defendant McCabe deciphered Kristy McCabe's password and login information for her personal laptop work computer.

39.    After gaining unauthorized access to Kristy McCabe's personal laptop work computer Defendant McCabe, began to regularly monitor and access the Fitz and Bianculli law firm email server which Kristy McCabe had access to through her laptop computer.

40.    Through his unauthorized access to the Fritz and Bianculli law firm email server, Defendant Patrick McCabe, began to access, read, monitor and record law firm communications of the law firm Fritz and Bianculli, including emails with clients.

41.    Defendant McCabe is a practicing attorney who knew or should have known that he was not permitted to read communications between a lawyer (Kristy McCabe) and her clients.

42.    Defendant McCabe further knew or should have known that access to these communications, and other client information from the client's files, was unethical and unlawful.

43.    Defendant McCabe admitted such unlawful and unethical access by providing screenshots he took of the laptop during discovery in the divorce proceedings and certifying under oath that he had obtained this information by illegally accessing the Fritz and Bianculli email server.

44.    Defendant McCabe has falsely alleged in the ongoing divorce proceedings that Kristy McCabe had a personal relationship Fritz and Bianculli partner Brian Fritz, which precipitated the divorce.

45.    This erroneous belief serves as the impetus and motive for McCabe's unlawful conduct.

46.    Holland & Knight knew or should have known about this motive.

47.    Upon information and belief, Defendant McCabe, displayed the various screen shots to other individuals as purported proof of a personal relationship between Kristy McCabe and Brian Fritz.

48.    Upon information and belief, Defendant McCabe, on July 19, 2022, over four months after the filing of the divorce action, approached Kristy McCabe after an extended email monitoring

6

Case ID: 240500483

session at their children's soccer practice—which Plaintiff is aware of because Defendant McCabe then and there informed Kristy McCabe that he, Defendant McCabe, was going to kill her as a result of his unlawful access to these emails.

49.     That night, Kristy McCabe discovered that Defendant McCabe had in fact been accessing the Fritz and Bianculli's email server and had accessed emails between Kristy McCabe and her divorce attorneys, client information, communications with mortgage companies and other firm emails.

50.     The next morning Kristy McCabe went to the local police station and obtained a Temporary Restraining Order against Defendant McCabe ("the First Restraining Order").

51.     In the restraining order, Kristy McCabe affirmed the physical threats and also the discovery of Defendant McCabe's unauthorized and illegal access to her work email on her personal work laptop computer.

52.     After the First Restraining Order, Holland & Knight took no action, did not identify any conflict, and continued active representation of Fritz and Bianculli.

53.     The ongoing representation indicated to Fritz and Bianculli that Holland & Knight was able to safeguard the interests of Fritz and Bianculli from the adverse interests of its employee, Defendant McCabe (who, at this point, was directing significant vitriol towards Brian Fritz).

54.     As Defendant McCabe, had no involvement in the representation and was not on the teams assigned to the files of Fritz and Bianculli, Fritz and Bianculli had no reason to think or believe that Holland & Knight did not have its interests and file materials safeguarded from unauthorized access by Defendant McCabe, or others acting at the behest of or in concert with Defendant McCabe.

55.     In or about July 2023, Kristy McCabe had to file for another Temporary Restraining Order due to what she perceived as physically threatening behavior by Defendant McCabe ("the Second Restraining Order").

7

Case ID: 240500483

56.     After filing the Second Restraining Order, Fritz and Bianculli, received a telephone call and email from Holland & Knight partner and head of ethical compliance for the Philadelphia office, James DelBello (hereinafter referred to as "DelBello").

57.     There was no explanation why the Second Restraining Order triggered a conflict while the First Restraining Order did not.

58.     Holland & Knight did nothing to safeguard the Confidential Files and/or information of its client Fritz and Bianculli after either the First or Second Restraining Orders, and permitted the unauthorized access to that sensitive and confidential information by Defendant McCabe, and others at his direction, control, or behest.

59.     Defendant McCabe purposely accessed this sensitive and confidential information with the intent of (i) obtaining some sort of information to financially, reputationally, or otherwise harm Brian Fritz and/or Fritz and Bianculli, and (ii) using such information against Kristy McCabe in ongoing divorce proceedings.

60.     Fritz and Bianculli never approved such access, particularly for such abusive purposes.

61.     Holland & Knight is a large international firm with thousands of attorneys.

62.     Holland & Knight maintains electronic software which allows it to track which of its staff accesses which files and when.

63.     In order to comply with ethical requirements in such a large law firm, such a program ensures client files are segregated from any attorneys who may have a conflict with a particular client.

64.     This software is, or should, be used as an information barrier to prevent attorneys and staff from sharing or accessing confidential information.

65.     Holland & Knight was aware Defendant McCabe accessed the Confidential Files without authorization.

8

Case ID: 240500483

66.     Holland & Knight was aware of the ongoing conflict between Patrick McCabe and Kristy McCabe.

67.     Holland & Knight was aware that Kristy McCabe filed the Second Restraining Order against Defendant McCabe on June 10, 2023.

68.     Holland & Knight, of its own accord, notified Fritz and Bianculli on July 18, 2023 that a conflict existed due to the ongoing divorce proceedings and could not proceed with representation of Fritz and Bianculli.

69.     Holland & Knight intentionally omitted and failed to disclose that Defendant McCabe had routinely been accessing the Confidential Files at will.

70.     Holland & Knight failed to take any precautions to protect the Confidential Files from Defendant McCabe.

71.     Holland & Knight failed to take *any* steps or employ *any* measures to limit which attorneys and/or staff could gain access to the Confidential Files.

72.     A review of the audit trail access log—reflecting all instances in which the software recorded access to the files—shows Defendant McCabe engaged in a flurry of activity within the Confidential Files on Friday, July 14, 2023, just two business days before Holland & Knight disclosed the conflict ("the Access Audit.").[1]

73.     The Access Audit demonstrates Defendant McCabe's malicious intent: he deliberately searched for the term "Fritz" within the files.

74.     Defendant McCabe further accessed confidential documents exchanged in discovery, reviewed Fritz and Bianculli bank records, and read confidential call notes between Holland & Knight attorneys and Fritz and Bianculli, Kristy McCabe and Brian Fritz, strategy call notes, and other highly sensitive and confidential information.

---

[1] The Access Audit is not attached to this Complaint as it contains sensitive and confidential information, but is available for *in camera* review if necessary.

Case ID: 240500483

75.     Holland & Knight had taken no steps to block Defendant McCabe from this information despite knowledge of the conflict.

76.     Indeed, even after Holland & Knight disclosed its conflict to Fritz and Bianculli, it continued to allow Defendant McCabe unfettered access to the Confidential Files.

77.     Defendant McCabe again accessed the Confidential Files on December 30, 2023.

78.     This unauthorized access was consistent with the modus operandi of Defendant McCabe, as he previously exhibited malicious intent by unlawfully accessing Kristy McCabe's work email account—located on the Fritz and Bianculli servers—via her laptop to search for confidential information, accessing confidential client communications and documents in the process.

79.     Upon information and belief, Defendant McCabe directed or encouraged both Defendant Donohue and Defendant Berg to access the Fritz and Bianculli files.

80.     Upon information and belief, Defendant Berg accessed the Confidential Files, at the direction or request of Defendant McCabe, on December 28, 2023.

81.     Upon information and belief, Defendant Donohue accessed the Confidential Files, at the direction or request of Defendant McCabe, on February 26, 2024 and March 13, 2024.

82.     Plaintiff did not and would not have approved access to its confidential and sensitive information by individuals not staffed on the Fritz and Bianculli matters, and certainly would not have approved access by Defendant McCabe or those he directed at any point in time. Fritz and Bianculli would not have hired Defendant McCabe to represent its interests, regardless of the pendency of the divorce proceeding.

83.     As a result of the unauthorized access, Plaintiff has incurred significant financial and reputational damages, and will incur such damages both known and unforeseen at present, as a result of Defendants' unlawful conduct, including, but not limited to costs associated with Holland & Knight's negligent, careless, reckless, purposeful and/or intentional actions independently and/or

Case ID: 240500483

vicariously through Defendants McCabe, Donahue and Berg's unlawful use of Confidential Information, reputational damages resulting from having to disclose and/or report the unauthorized access, and damages relating to market competition.

## COUNT I
## BREACH OF FIDUCIARY DUTY
## PLAINTIFF vs. DEFENDANTS

84.     The foregoing paragraphs are incorporated herein by reference.

85.     Defendant Holland & Knight owed a duty to Plaintiff Fritz and Bianculli, as the law firm representing it, to safeguard all confidential materials and provide adequate representation.

86.     Defendants McCabe, Donohue, and Berg, also owed fiduciary duties to Plaintiff Fritz and Bianculli, as attorneys employed by Holland & Knight, to act with a requisite level of professionalism and abide by their ethical duties as attorneys.

87.     Plaintiff Fritz and Bianculli shared highly confidential attorney-client communications with Defendant Holland & Knight, and the authorized handling attorneys of the Fritz and Bianculli matters, with the explicit understanding that such materials would be treated with the appropriate level of care.

88.     As attorneys themselves, many of the materials that Plaintiff Fritz and Bianculli shared were also attorney work-product.

89.     Defendant Holland and Knight, and the authorized handling attorneys of the Fritz and Bianculli matters, completely abused this trust by failing to secure their client's information and allowing the unlawful access to Plaintiff Fritz and Bianculli's confidential materials after a conflict had been identified and communicated.

90.     Holland & Knight knew or should have known Defendants McCabe, Donohue, and Berg, did not have a legitimate reason to access the Confidential Files at any point but in particular after inception of the McCabe Divorce Matter.

Case ID: 240500483

91.     As Defendants McCabe, Donohue, and Berg were not part of the defense team in the Fritz and Bianculli matters, there was never any legitimate reason for Defendants McCabe, Donohue, and Berg to access these materials.

92.     Defendants McCabe, Donohue, and Berg knew that their unauthorized access to Plaintiff Fritz and Bianculli's confidential materials was in violation of their ethical duties as attorneys.

93.     Nevertheless, through the deliberate decision of Holland & Knight to not secure these files, Defendants McCabe, Donohue, and Berg were able to improperly access them without authorization and for an unauthorized and illegitimate purpose.

94.     Holland & Knight compounded this failure when it also kept these files accessible long after a conflict had been identified and communicated and failed to take any steps to create an information barrier between the Confidential Information and the conflicted attorney Defendant McCabe, as well as the other defendants.

95.     Defendants' breach of their duties to Plaintiff Fritz and Bianculli was flagrant and egregious; indeed, Defendant Holland and Knight had itself declared that a conflict exists, but declined to adequately protect Plaintiff Fritz and Bianculli's confidential materials.

96.     Because Defendants McCabe, Donohue, and Berg have improperly accessed, reviewed, utilized, and copied Plaintiff Fritz and Bianculli's confidential materials, Plaintiff Fritz and Bianculli has had to incur costs relating to Defendant McCabe's unlawful use of the unlawfully accessed Confidential Information.

97.     Had Holland & Knight properly secured Plaintiff Fritz and Bianculli's confidential materials, and had Defendants McCabe, Donohue, and Berg not improperly accessed such materials, Plaintiff Fritz and Bianculli would not have had to incur the damages it did.

98.     Based on the foregoing, Defendants have not acted in good faith towards Plaintiff Fritz and Biancullis.

Case ID: 240500483

99.     Indeed, Defendants' actions were part of a malicious conspiracy to gather sensitive information regarding Fritz and Bianculli employees to use offensively in the McCabe Divorce Matter and/or to cause pecuniary and reputational harm to Plaintiff Fritz and Bianculli.

100.    Defendants failed to act in the best interests of Plaintiff Fritz and Bianculli, despite an obligation to do so.

101.    Defendants acted disloyally and without due care to Plaintiff Fritz and Bianculli's interests.

102.    Plaintiff Fritz and Bianculli was relying on Defendants to abide by their fiduciary duties.

103.    Further, because of Defendants' improper access and misappropriation of Plaintiff Fritz and Bianculli's confidential materials, such materials have lost the commercial value that they derive from their confidentiality.

104.    As all parties to this suit are attorneys or law firms operating in the Philadelphia market, they are also competitors in such market.

105.    Plaintiff Fritz and Bianculli only shared the relevant materials with Holland & Knight because of the assurances that these materials would ***not*** be used for unrelated purposes, such as to harass or abuse Fritz and Bianculli.

106.    Unfortunately, that is exactly what Defendants have now used these materials for.

107.    As such, Defendants have breached their fiduciary duties to Plaintiff Fritz and Bianculli causing direct harm.

**WHEREFORE**, based on the foregoing, Plaintiff Fritz and Bianculli respectfully requests judgment against all Defendants in an amount to exceed $150,000.00, together with fees and costs, punitive damages, and all additional relief that is deemed just and equitable.

Case ID: 240500483

## COUNT II
## BREACH OF CONTRACT
## PLAINTIFF FRITZ AND BIANCULLI vs. HOLLAND & KNIGHT

108.    The foregoing paragraphs are incorporated herein by reference.

109.    The parties had a valid and binding contract regarding the terms of Holland & Knight's representation ("the Engagement Letter," attached hereto as Exhibit "A.").

110.    Defendant breached this Engagement Letter with the herein complained-of conduct.

111.    Defendant failed to "competently and diligently represent" Plaintiff Fritz and Bianculli in this matter, namely by allowing highly sensitive attorney-client materials to be wrongfully disseminated.

112.    Under the terms of the Engagement Letter, any changes in the scope of the representation had to be approved in writing.

113.    Plaintiff Fritz and Bianculli never approved, let alone in writing, changing the scope of the representation to allow Holland & Knight employees uninvolved in Fritz and Bianculli matters to access the Confidential Information.

114.    Holland & Knight also explicitly promised in the Engagement Letter to keep attorney-client materials confidential, and that the "attorney-client relationship with you will be based on mutual confidence and unrestrained communications that will facilitate our proper representation of you."

115.    Holland and Knight in an effort to provide further assurance of confidentiality states:

> . . . we are required to hold confidential all information relating to the representation of our clients . . . This professional obligation and the legal privilege of attorney-client communications exist to encourage candid and complete communication between a client and his lawyer.

116.    Plaintiff Fritz and Bianculli abided by this provision, speaking candidly to counsel and providing sensitive materials to Holland & Knight for review.

14

Case ID: 240500483

117.     In regard to potential conflicts across the firm, the Holland and Knight Engagement Letter expressly provided that any confidential information that we have received from you *will not* be available to the lawyers and other Holland & Knight LLP personnel involved in" such conflict. (emphasis added).

118.     The Engagement Letter further provided that "our effective representation of you and the discharge of our professional responsibilities to you *will not* be prejudiced by" such conflicts.

119.     Plaintiff Fritz and Bianculli relied on Holland & Knight's promises of confidentiality and conflict-protection in sharing unrestrained communications with the firm.

120.     Unfortunately, Holland & Knight breached this promise by allowing unauthorized persons to access Plaintiff Fritz and Bianculli's files.

121.     Plaintiff Fritz and Bianculli has been harmed by Holland & Knight's breach, principally through the loss of confidentiality on their privileged files.

122.     Plaintiff Fritz and Bianculli's confidential materials are now in the hands of a bitter adversary, Defendant McCabe, as well as his co-conspirators Defendants Berg and Donohue.

123.     Defendants have used these materials to Plaintiff Fritz and Bianculli's detriment in the McCabe Divorce Matter as Defendant McCabe, has used this information through illegitimate allegations in the Divorce Matter wherein he crafted ways and attempts to feign obtaining such information through legitimate means---all the while causing the Plaintiff Fritz and Bianculli to incur attorneys fees and costs to intervene into the Divorce Action.

**WHEREFORE**, based on the foregoing, Plaintiff Fritz and Bianculli respectfully requests judgment against Holland & Knight in an amount to exceed $150,000.00, together with all additional relief that is deemed just and equitable.

Case ID: 240500483

## COUNT III
## COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C.A. § 1030, *et seq.*
## PLAINTIFF FRITZ AND BIANCULLI vs. DEFENDANTS

124.   The foregoing paragraphs are incorporated herein by reference.

125.   The Computer Fraud and Abuse Act ("CFAA") **criminalizes** conduct where someone:

> [I]ntentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer [or] knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value [or] intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage [or] intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss . . . shall be punished as provided in subsection (c)[.]

126.   In additional to the criminal consequences for such conduct, "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator[.]" 18 U.S.C.A. § 1030(g)

127.   Kristy McCabe's computer was used in and affected interstate or foreign commerce, namely in remote work across state lines, the practice of law across multiple jurisdictions, and various subscription services.

128.   Plaintiff Fritz and Bianculli's electronic communications had value and are a key component of the orderly operation of Plaintiff Fritz and Bianculli's business.

129.   Plaintiff Fritz and Bianculli only granted access to the Confidential Files under the scope outlined in the Fee Agreement—all access beyond that, including the post-divorce access by Defendants McCabe, Berg, and Donohue, exceeded the scope of authorized access.

130.   Plaintiff Fritz and Bianculli has suffered damages and losses from the foregoing conduct, as the integrity of their data has been compromised, and confidential Fritz and Bianculli communications are no longer confidential.

Case ID: 240500483

131.    Plaintiff Fritz and Bianculli has also incurred losses relating to their response to these offenses, notably in the McCabe Divorce Matter, but also in having to disclose to insurers that confidential information was unlawfully accessed.

132.    Plaintiff Fritz and Bianculli has also incurred losses relating to the damage assessment that they had to conduct after Defendants' unauthorized access of these materials.

133.    Plaintiff Fritz and Bianculli only had confirmation of Defendant McCabe's unauthorized and unlawful access to Fritz and Bianculli's servers on or at the time that Defendant McCabe provided verified discovery responses admitting to the commission of these acts.

134.    Plaintiff Fritz and Bianculli only discovered Defendants' unauthorized and improper access to Holland & Knight's document management system files in or around March 27, 2024.

**WHEREFORE**, based on the foregoing, Plaintiff Fritz and Bianculli respectfully requests judgment against all Defendants in an amount to exceed $150,000, together with fees and costs, punitive damages, and all additional relief that is deemed just and equitable.

**COUNT IV**
**STORED COMMUNICATIONS ACT, 18 U.S.C.A. § 2701, *et seq.***
**PLAINTIFF FRITZ AND BIANCULLI vs. DEFENDANTS**

135.    The foregoing paragraphs are incorporated herein by reference.

136.    The Stored Communications Act ("SCA") prohibits some who "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility[.]" 18 U.S.C.A. § 2701(a).

137.    The SCA allows for a private right of action by any "person aggrieved" by a violation of the statute. 18 U.S.C.A. § 2707(a).

138.    Both punitive damages and attorney's fees are available under the SCA. 18 U.S.C.A. § 2701(b)(3) & (c).

Case ID: 240500483

139.    Here, Defendant McCabe intentionally and knowingly accessed a facility without authorization.

140.    Defendant McCabe reviewed the electronic communications on such servers and even took photographs of these communications.

141.    Further, Defendants McCabe, Berg, and Donohue, intentionally and knowingly exceeded their authorizations to use Holland & Knight's electronic file management database.

142.    This database contained electronic communications relating to Plaintiff Fritz and Bianculli and the Fritz and Bianculli matters, which were reviewed without authorization.

143.    Holland & Knight intentionally and knowingly allowed its employees, including Defendants McCabe, Berg and Donohue, to review these materials without authorization.

144.    Defendants Berg, McCabe, and Donohue, improperly accessed Holland & Knight's servers using computers and devices provided by the firm.

145.    Plaintiff Fritz and Bianculli only discovered this violation on or around March 27, 2024.

146.    Plaintiff Fritz and Bianculli has been harmed from this wrongful access to their confidential materials, as Defendant McCabe has been using such improperly accessed materials to the detriment of Plaintiff Fritz and Bianculli in the McCabe Divorce Matter.

**WHEREFORE**, based on the foregoing, Plaintiff Fritz and Bianculli respectfully request judgment against all Defendants in an amount to exceed $150,000.00, together with fees and costs, punitive damages, and all additional relief that is deemed just and equitable.

**COUNT V**
**CIVIL CONSPIRACY**
**PLAINTIFF FRITZ AND BIANCULLI vs. DEFENDANTS**

147.    The foregoing paragraphs are incorporated herein by reference.

148.    Defendants all knowingly and intentionally conspired to deceive Plaintiff Fritz and Bianculli into thinking that their confidential materials would not be accessed by unauthorized persons.

18

149.    Defendants jointly shared the nefarious and unlawful goal of violating their professional duties and Plaintiff Fritz and Bianculli's privacy.

150.    Defendants took numerous overt acts in furtherance of this conspiracy, such as falsely assuring Plaintiff Fritz and Bianculli that their confidential materials would be safeguarded and then deliberately allowing unauthorized persons to access these confidential materials.

151.    Plaintiff Fritz and Bianculli has been harmed by such actions, as described herein.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully request judgment against all Defendants in an amount to exceed $150,000, together with fees and costs, punitive damages, and all additional relief that is deemed just and equitable.

<strong>BOCHETTO & LENTZ, P.C.</strong>

*/s/ George Bochetto*

Date: August 20, 2024          By: _____

George Bochetto, Esquire
Kiersty DeGroote, Esquire
Ryan T. Kirk, Esquire
*Attorneys for Plaintiff*

19

Case ID: 240500483

## **VERIFICATION**

I, Brian Fritz, verify that the statements made in the foregoing Complaint to the best of my knowledge, information and belief are true and correct.  I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities.

Date: 8/19/24

Brian Fritz, on behalf of Fritz & Bianculli, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, *George Bochetto, Esquire*, hereby certify that a true and correct copy of Plaintiff's

Complaint was filed electronically through this Court's ECF System and is available for viewing

and downloading from this Court's ECF System. I further certify that an electronic copy of the

foregoing was served upon the following through this Court's ECF System and via E-Mail:

Benjamin R. Wilson, Esquire
Kathleen M. Princivalle, Esquire
HOLLAND & KNIGHT, LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Benjamin.Wilson@hklaw.com
Kathleen.Princivalle@hklaw.com
**Attorneys for Defendants**

**BOCHETTO & LENTZ, P.C.**

Dated:  August 20, 2024          By:     */s/ George Bochetto*
                                         GEORGE BOCHETTO, ESQUIRE

# Exhibit "A"

# Holland & Knight

Cira Centre, Suite 800 | 2929 Arch Street | Philadelphia, PA 19104 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Valerie E. Brown
+1 215-252-9569
Valerie.Brownt@hklaw.com


May 6, 2020


*Via Email –* bfritz@fbesq.com

Brian Fritz, Esq.
Fritz & Bianculli, LLC
1515 Market Street, Suite 1801
Philadelphia, PA  19102

Dear Brian:

Thank you for retaining Holland & Knight LLP to represent Fritz & Bianculli, LLC ("Fritz & Bianculli") in connection with the dispute involving ████████. We appreciate the opportunity to work with you.

The purpose of this letter is to confirm our engagement as counsel for this matter.  The fees and costs incurred by Holland & Knight LLP in handling this matter will be paid by Fritz & Bianculli and will be billed in accordance with Holland & Knight's standard billing and collection policies, with a 10% discount on fees.  My hourly rate (before the discount) is $640 and associate Dana Feinstein's hourly rate (before the discount) is $430.

Please acknowledge agreement of the foregoing by signing below and returning this letter to us.

Sincerely yours,

HOLLAND & KNIGHT LLP

*[signature]*

VALERIE E. BROWN


VEB/lak


Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach
#71216363v1

Case ID: 240500483

Brian Fritz, Esq.
May 6, 2020
Page 2


Acknowledged and approved this ___ day of _____, 2020.


**FRITZ & BIANCULLI, LLC**


By:   _____
        Brian Fritz

# Holland & Knight

Cira Centre, Suite 800 | 2929 Arch Street | Philadelphia, PA 19104 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Valerie E. Brown
+1 215-252-9569
Valerie.Brown@hklaw.com

September 14, 2021

*Via E-mail (bfritz@fbesq.com)*

Brian E. Fritz, Esquire
Fritz & Bianculli, LLC
1515 Market Street, Suite 1801
Philadelphia, PA 19102

Re:

Dear Brian:

Thank you for retaining Holland & Knight LLP to represent you and Fritz & Bianculli, LLC ("Fritz & Bianculli") in connection with                                    We appreciate the opportunity to work with you.

The purpose of this letter is to confirm our engagement as counsel for this matter. The fees and costs incurred by Holland & Knight LLP in handling this matter will be paid by Fritz & Bianculli and will be billed in accordance with Holland & Knight's standard billing and collection policies. My hourly rate is $690 and associate Dana Feinstein's hourly rate is $495.

You have agreed for Holland & Knight LLP ("H&K") to jointly represent you and Fritz & Bianculli, LLC. Before we undertake the representation of all of you, we must explain the implications of a joint representation of multiple clients and the risks involved. For example, while your interests are currently aligned, there could be issues that develop in which you may have differing interests, but there will be no way in this joint representation for you to pursue your individual interests through your common attorney.

Also, as a necessary consequence of this joint representation, all information you share with H&K in this joint representation will be shared among each other. Thus, if we receive information from or about one of you that we believe the others should have in order to make decisions regarding the subject of the representation, we will give the others that information. In addition, in the unlikely event of a disagreement among you, the attorney-client privilege will not protect the information you share with us. Please note, that should a divergence of interests develop in this representation between you that cannot be amicably resolved among you, H&K may have to withdraw from the joint representation.

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland | San Francisco
Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Bogotá | London | Mexico City

Case ID: 240500483

Brian E. Fritz, Esquire
September 14, 2021
Page 2

Finally, our invoices will be sent to you and Fritz & Bianculli, but all of you will be jointly and severally responsible for their payment.

Based on your current alignment of interests, we concluded that H&K will be able to competently and diligently represent all of you in this matter. If you agree with the terms of engagement and are willing to consent to the joint representation and waive your right to object to any conflict of interest associated with the joint representation, please so indicate in the space provided below and return one copy of this letter to me.

Sincerely yours,

HOLLAND & KNIGHT LLP

Valerie E. Brown

VEB


**Acknowledgement, Consent, and Joint Represent Conflict of Interest Waiver**

Each of the undersigned acknowledges and agrees to the terms of engagement, consents to the joint representation, and waives any conflict of interest associated with the joint representation as described in the aforesaid circumstances.


**FRITZ & BIANCULLI, LLC**

Dated: _____ 10/5/21 _____


**BRIAN FRITZ**

Dated: _____


Case ID: 240500483

# HOLLAND & KNIGHT LLP

# TERMS OF ENGAGEMENT

We appreciate your decision to retain Holland & Knight LLP as your legal counsel.

This document explains how we work, our obligations to you, your obligations to us, what we will do on your behalf, and how our charges will be determined and billed. Experience has shown that an understanding of these matters will contribute to a better relationship between us, and that in turn makes our efforts more productive.

Our engagement and the services that we will provide to you are limited to the matter identified in the accompanying letter. Any changes in the scope of our representation as described in the letter must be approved in writing. We will provide services of a strictly legal nature related to the matters described in that letter. You will provide us with the factual information and materials we require to perform the services identified in the letter, and you will make such business or technical decisions and determinations as are appropriate. You will not rely on us for business, investment, or accounting decisions, or expect us to investigate the character or credit of persons or entities with whom you may be dealing, unless otherwise specified in the letter.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

### Confidentiality and Related Matters

Regarding the ethics of our profession that will govern our representation, several points deserve emphasis. As a matter of professional responsibility, we are required to hold confidential all information relating to the representation of our clients, subject to certain exceptions that we will discuss with you.   This professional obligation and the legal privilege for attorney-client communications exist to encourage candid and complete communication between a client and his lawyer.   We can perform truly beneficial services for a client only if we are aware of all information that might be relevant to our representation.  Consequently, we trust that our attorney-client relationship with you will be based on mutual confidence and unrestrained communication that will facilitate our proper representation of you.

Additionally, you should be aware that, in instances in which we represent a corporation or other entity, our client relationship is with the entity and not with its individual executives, shareholders, directors, members, managers, partners, or persons in similar positions, or with its parent, subsidiaries, or other affiliates.  In those cases, our professional responsibilities are owed only to that entity, alone, and no conflict of interest will be asserted by you because we represent persons with respect to interests that are adverse to individual persons or business organizations who have a relationship with you.  That is to say, unless the letter accompanying this document indicates otherwise, Holland & Knight's attorney-client relationship with the entity does not give rise to an attorney-client relationship with the parent, subsidiaries or other affiliates of the entity,  and representation of the entity in this matter will not give rise to any conflict of interest in the event other clients of the firm are adverse to the parent, subsidiaries or other affiliates of the entity.  Of course, we can also represent individual executives, shareholders, directors, members, managers, partners, and other persons related to the entity in matters that do not conflict with the interests of the entity, but any such representation will be the subject of a separate engagement letter. Similarly, when we represent a party on an insured claim, we represent the insured, not the insurer, even though we may be approved, selected, or paid by the insurer.

The firm attempts to achieve efficiencies and savings for its clients by managing the firm's administrative operations (e.g., file storage, document duplication, word processing, accounting/billing) in the most efficient manner possible, including outsourcing certain functions to third parties.  Outsourcing in this manner may require the firm to allow access by third parties to your confidential information, and in some cases, these third parties may be located outside the United States. The firm will follow applicable legal ethics rules with regard to such outsourcing and protection of confidential information.

Case ID: 240500483

#85942715_v1

**Fees and Billing**

Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed fee quotation. The ultimate cost frequently is more or less than the amount estimated.

Legal Fees. We encourage flexibility in determining billing arrangements. For example, we often agree with our clients to perform services on a fixed-fee or other basis that we and the client believe will encourage efficiency and reflect the value of our services in relation to a particular objective.

If you and we have agreed on a fixed fee arrangement, our fees will not be limited to the fixed amount if you fail to make a complete and accurate disclosure of information that we have requested and that we reasonably require for our work, or if you materially change the terms, conditions, scope, or nature of the work, as described by you when we determined the fixed amount. If any of these events occurs, our fees will be based upon the other factors described below, unless you and we agree on a revised fixed fee.

If the accompanying engagement letter does not provide for a fixed fee, or if we do not otherwise confirm to you in writing a fee arrangement, our fees for services will be determined as described in the following paragraphs.

When establishing fees for services that we render, we are guided primarily by the time and labor required, although we also consider other appropriate factors, such as the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; time-saving use of resources (including research, analysis, data and documentation) that we have previously developed and stored electronically or otherwise in quickly retrievable form; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk and the results obtained; and the time constraints imposed by either you or the circumstances. In determining a reasonable fee for the time and labor required for a particular matter, we consider the ability, experience, and reputation of the lawyer or lawyers in our firm who perform the services. To facilitate this determination, we internally assign to each lawyer an hourly rate based on these factors. Of course, our internal hourly rates change periodically to account for increases in our cost of delivering legal service, other economic factors, and the augmentation of a particular lawyer's ability, experience, and reputation. Any such changes in hourly rates are applied prospectively, as well as to unbilled time previously expended. We record and bill our time in one-tenth hour (six minute) increments.

When selecting lawyers to perform services for you, we generally seek to assign lawyers having the lowest hourly rates consistent with the skills, time demands, and other factors influencing the professional responsibility involved in each matter. That does not mean that we will always assign a lawyer with a lower hourly rate than other lawyers. As circumstances require, the services of lawyers in the firm with special skills or experience may be sought when that will either (a) reduce the legal expense to you, (b) provide a specialized legal skill needed, or (c) help move the matter forward more quickly. Also, to encourage the use of such lawyers in situations where their services can provide a significant benefit that is disproportionate to the time devoted to the matter, we may not bill for their services on an hourly rate basis but, if you agree in advance, we will adjust the fee on an "added value" basis at the conclusion of the matter if and to the extent their services contribute to a favorable result for you.

Disbursements. In addition to legal fees, our statements will include out-of-pocket expenses that we have advanced on your behalf and our internal charges (which may exceed direct costs and allocated overhead expenses) for certain support activities. Alternatively, the firm may charge for such internal charges as a percentage of the fees charged. Advanced expenses generally will include, but are not limited to, such items as travel, postage, filing, recording, certification, and registration fees charged by governmental bodies. Our internal charges typically include, but are not limited to, such items as toll calls, facsimile transmissions, overnight courier services, certain charges for terminal time for computer research and complex document production, and charges for photocopying materials sent to the client or third parties or required for our use.

We may request an advance cost deposit when we expect that we will be required to incur substantial costs on behalf of the client.

During the course of our representation, it may be appropriate to hire third parties to provide services on your behalf. These services may include such things as consulting or testifying experts, investigators, providers of computerized litigation support, and court reporters. Because of the legal "work product" protection afforded to services that an attorney requests from third parties, in certain situations our firm may assume responsibility for

Case ID: 240500483

#85942715_v1

retaining the appropriate service providers. Even if we do so, however, you will be responsible for paying all fees and expenses directly to the service providers or reimbursing us for these expenses.

The firm attempts to achieve efficiencies and savings for its clients when dealing with independent contractors. The firm may be able to obtain a reduced charge from the contractor if the firm provides certain functions, such as billing, collection, equipment, space, facilities, or clerical help. For these administrative and coordination services, the firm may charge an administrative fee, which will be separately disclosed to you.

Billing. We bill periodically throughout the engagement for a particular matter, and our periodic statements are due when rendered.   If our fees are based primarily on the amount of our time devoted to the matter, our statements will be rendered monthly.   In instances in which we represent more than one person with respect to a matter, each person that we represent is jointly and severally liable for our fees and expenses with respect to the representation.   Our statements contain a concise summary of each matter for which legal services are rendered and a fee is charged.

If a statement remains unpaid for more than 30 days, you will be contacted by an H&K representative inquiring why it is unpaid. Additionally, if a statement has not been paid within 30 days from its date, the firm may impose an interest charge of 1.25 percent per month (a 15 percent annual percentage rate) from the 30th day after the date of the statement until it is paid in full. Interest charges apply to specific monthly statements on an individual statement basis. Any payments made on past due statements are applied first to the oldest outstanding statement.

It is the firm's policy that if an invoice remains unpaid for more than 90 days, absent extraordinary circumstances and subject to legal ethics constraints, H&K's representation will cease, and you hereby authorize us to withdraw from all representation of you.  Any unapplied deposits will be applied to outstanding balances.  Generally, the firm will not recommence its representation or accept new work from you until your account is brought current and a new deposit for fees and costs, in an amount that the firm determines, is paid to it.

In addition, if you do not pay H&K's statements as they become due, the firm may require a substantial partial payment and delivery of an interest-bearing promissory note as part of any arrangement under which it may, in its discretion, agree to continue its representation.  Any such promissory note will serve merely as evidence of your obligation, and shall not be regarded as payment.

If allowed by applicable law, H&K is entitled to reasonable attorneys' fees and court costs if collection activities are necessary.  In addition, H&K shall have all general, possessory, or retaining liens, and all special or charging liens, recognized by law.

Payment of our fees and costs is not contingent on the ultimate outcome of our representation, unless we have expressly agreed in writing to a contingent fee.

Questions About Our Bills. We invite you to discuss freely with us any questions that you have concerning a fee charged for any matter.  We want our clients to be satisfied with both the quality of our services and the reasonableness of the fees that we charge for those services.  We will attempt to provide as much billing information as you require and in such customary form that you desire, and are willing to discuss with you any of the various billing formats we have available that best suits your needs.

### *Relationships with Other Clients*

Because we are a large, full-service law firm with offices located in various cities we may be (and often are) asked to represent a client with respect to interests that are adverse to those of another client who is represented by the firm in connection with another matter.  Just as you would not wish to be prevented in an appropriate situation from retaining a law firm that competes with Holland & Knight LLP, our firm wishes to be able to consider the representation of other persons or entities that may be competitors in your industry or who may have interests that are adverse to yours, but with respect to matters that are unrelated in any way to our representation of you. The ethics that govern us permit us to accept such multiple representations, assuming certain conditions are met, as set forth below.

During the term of this engagement, we will not accept representation of another client to pursue interests that are directly adverse to your interests unless and until we make full disclosure to you of all the relevant facts, circumstances, and implications of our undertaking the two representations, and confirm to you in good faith that we have done so and that the following criteria are met: (i) there is no substantial relationship between any matter in which we are representing or have represented you and the matter for the other client; (ii) any confidential information that we have received from you will not be available to the lawyers and other Holland & Knight LLP

3

Case ID: 240500483

personnel involved in the representation of the other client; (iii) our effective representation of you and the discharge of our professional responsibilities to you will not be prejudiced by our representation of the other client; and (iv) the other client has also consented in writing based on our full disclosure of the relevant facts, circumstances, and implications of our undertaking the two representations. If the foregoing conditions are satisfied, we may undertake the adverse representation and all conflict issues will be deemed to have been resolved or waived by you.

By making this agreement, we are establishing the criteria that will govern the exercise of your right under applicable ethical rules to object to our representation of another client whose interests are adverse to yours. If you contest in good faith the facts underlying our confirmation to you that the specified criteria have been met, then we will have the burden of reasonably supporting those facts.

### Knowledge Management Tool

In order to better and more economically serve our clients, we have implemented a document search engine that will allow us to search the firm's institutional work product to determine whether there exist documents created for one client that can be used as a starting point for the preparation of new documents for other clients. Documents that are subject to ethics wall restrictions, have extraordinary confidentiality requirements, or contain sensitive client information will not be included in this system.

### Termination

Upon completion of the matter to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless you and we have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. The representation is terminable at will by either of us. The termination of the representation will not terminate your obligation to pay fees and expenses incurred prior to the termination and for any services rendered or disbursements required to implement the transition to new counsel.

\* \* \* \* \*

Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any of them is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete, and consistent understanding of our relationship.

Case ID: 240500483