**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **FRITZ BIANCULLI, LLC,** | : |
| | : |
| Plaintiff, | : **Civil Action No. 2:24-cv-04741** |
| | : |
| **v.** | : |
| | : |
| **PATRICK MCCABE, HOLLAND AND** | : |
| **KNIGHT, LLP, JEAN DONOHUE, AND** | : |
| **ERIC BERG,** | : |
| | : |
| Defendants. | : |
| | : |

## <u>ORDER</u>

**AND NOW**, on this _____ day of _____ 2024, upon consideration of the Motion of Defendant, Patrick McCabe ("Mr. McCabe") to Dismiss the Complaint of Plaintiff, Fritz Bianculli, LLC ("Plaintiff"), it is hereby **ORDERED** that the Motion is **GRANTED**.  **IT IS FURTHER ORDERED** that Counts I, III, IV, and V of Plaintiff's Complaint are **DISMISSED WITH PREJUDICE** as to Mr. McCabe.

**BY THE COURT:**

_____
The Hon. John M. Younge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **FRITZ BIANCULLI, LLC,** | : |
| | : |
| | : **Civil Action No. 2:24-cv-04741** |
| Plaintiff, | : |
| | : |
| **v.** | : |
| | : |
| **PATRICK MCCABE, HOLLAND AND** | : |
| **KNIGHT, LLP, JEAN DONOHUE, AND** | : |
| **ERIC BERG,** | : |
| | : |
| Defendants. | : |
| | : |

**<u>DEFENDANT PATRICK MCCABE'S MOTION TO DISMISS THE COMPLAINT</u>**

Defendant Patrick McCabe ("Mr. McCabe") by and through his undersigned counsel, hereby moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts I, III, IV and V of the Complaint with prejudice because Plaintiff has failed to state claims for which relief can be granted. The bases for this Motion are further and fully set forth in the accompanying Memorandum of Law in support thereof, which is incorporated by reference.

**WHEREFORE**, Mr. McCabe respectfully requests that this Court grant his Motion to Dismiss Counts I, III, IV, and V of the Complaint with prejudice as to Mr. McCabe.  A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  September 16, 2024

/s/Joe H. Tucker, Jr.
Joe H. Tucker, Jr., Esquire
Jessica A. Rickabaugh, Esquire
David J. Carcamo, Esquire
Nancy Fisher Onaderu, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Defendant Patrick McCabe*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **FRITZ BIANCULLI, LLC,** | : |
| | : |
| Plaintiff, | : **Civil Action No. 2:24-cv-04741** |
| | : |
| **v.** | : |
| | : |
| **PATRICK MCCABE, HOLLAND AND** | : |
| **KNIGHT, LLP, JEAN DONOHUE, AND** | : |
| **ERIC BERG,** | : |
| | : |
| Defendants. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PATRICK MCCABE'S MOTION TO DISMISS THE COMPLAINT**

Defendant Patrick McCabe ("Mr. McCabe") respectfully submits this

Memorandum of Law in support of his Motion to Dismiss Counts I, III, IV, and V of the

Complaint of Plaintiff, Fritz Bianculli, LLC ("Plaintiff").

**I.   INTRODUCTION**

This case is an overt attempt by Plaintiff to harass and defame Mr. McCabe, who

has been married to attorney and employee of Plaintiff, Kristy McCabe, since June 22,

2013.  The namesake of Plaintiff, Brian Fritz, the boss and supervising attorney of Kristy

McCabe, had an affair with Ms. McCabe and has been engaged to be married to Ms.

McCabe since at least June of 2023 despite the ongoing marriage to Mr. McCabe.

Plaintiff brought this lawsuit as a desperate attempt to distract from Plaintiff's actions

that have been exposed in the McCabe Divorce Matter and are subject to pending

sanctions proceedings.  The incendiary and defamatory allegations against Mr. McCabe

are false and this litigation is an abuse of process by Plaintiff.  Given this background, it

is unsurprising that Plaintiff's Complaint fails to state viable claims against Mr. McCabe and are brought for improper purposes.  Plaintiff vaguely claims that Mr. McCabe accessed unspecified documents for use in his divorce proceedings but fails to provide any factual details connecting Mr. McCabe's purported conduct to harm to Plaintiff.

None of the claims in the Complaint are supported by the plausible factual allegations required to state prima facie claims.  Plaintiff's breach of fiduciary duty claim fails to plausibly allege how Mr. McCabe's alleged conduct caused harm to Plaintiff. The Computer Fraud and Abuse Act ("CFAA") claim is defective as Plaintiff fails to allege the required economic loss or technological harm.  The Stored Communications Act ("SCA") claim should be dismissed because neither Plaintiff nor Holland & Knight qualify as network service providers covered by the statute.  Lastly, the civil conspiracy claim lacks sufficient facts to show that Mr. McCabe acted solely to injure Plaintiff, and the Complaint provides no specific allegations of actual legal damages.  For this and other reasons detailed below, Mr. McCabe respectfully requests that this Court dismiss Plaintiff's claims in the Complaint against him with prejudice.

## II.    FACTUAL BACKGROUND

This matter arises from Plaintiff's allegations that Defendants "violated contractual, common law, and statutory duties" by permitting Plaintiff's confidential and sensitive information to be accessed and used "for reasons of personal animus." (Exhibit 1, Complaint, at ¶ 1.)  Per the Complaint, Plaintiff hired Holland & Knight, LLP ("Holland and Knight") to handle employment-related lawsuits brought by Plaintiff's former employees.  (Id. at ¶ 12.)  Defendants Mr. McCabe, Jean Donohue ("Ms. Donohue"), and Eric Berg ("Mr. Berg") allegedly worked for Holland & Knight but were

not part of the employment law practice group.  (Id. at ¶¶ 18, 23, and 27.)  In other words, Defendants Mr. McCabe, Ms. Donohue, and Mr. Berg allegedly did not have a reason to access Plaintiff's client file stored on Holland & Knight's document management system.  (Id.)

Plaintiff alleges that during Holland & Knight's representation of Plaintiff, Mr. McCabe accessed Plaintiff's sensitive and confidential information without authorization. (Id. at ¶ 30.)  Moreover, Defendants Ms. Donohue and Mr. Berg purportedly acted alongside Mr. McCabe to access Plaintiff's files for "an illegitimate, nefarious purpose and/or to assist Mr. McCabe in his ulterior purposes."  (Id. at ¶¶ 32 and 99.)  Plaintiff alleges that Mr. McCabe used documents from Plaintiff's server in divorce proceedings against his wife and non-party, Kristy McCabe.  (Id. at ¶ 34.)  Ms. McCabe is an attorney and an employee of Plaintiff.  (Id. at ¶ 36.)  More specifically, Plaintiff claims that Mr. McCabe accessed client files and communications stored on Plaintiff's server through Ms. McCabe's personal computer "for the unlawful purpose of collecting information on Kristy McCabe's income" and "personal relationship [with] Fritz and Bianculli partner Brian Fritz."  (Id. at ¶¶ 37-44.)

Plaintiff alleges that it never authorized Mr. McCabe to access Plaintiff's records. (Id. at ¶ 82.)  But Plaintiff fails to allege what documents Mr. McCabe accessed or how the unidentified documents were used against Plaintiff.  As a result of such access, Plaintiff alleges that it "incurred significant financial and reputational damages and will incur such damages" in the future.  (Id. at ¶ 83.)  Plaintiff brings claims against Mr. McCabe for breach of fiduciary duty (Count I), a violation of the CFAA (Count III), a violation of the SCA (Count IV), and civil conspiracy (Count V).

### III.   **PROCEDURAL POSTURE**

Plaintiff initiated this action by filing a Writ of Summons in the Philadelphia Court of Common Pleas on May 2, 2024. Plaintiff later filed a Complaint on August 20, 2024. (Ex. 1.)  On September 9, 2024, Mr. McCabe, with consent from the other Co-Defendants, removed this case to the U.S. District Court for the Eastern District of Pennsylvania.  (Doc. 1.)  Mr. McCabe now timely moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### IV.   **ARGUMENT**

#### A. **Legal Standard**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when the Complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555.

#### B. **Plaintiff Fails to State a Breach of Fiduciary Duty Claim Against Mr. McCabe Under Count I.**

Plaintiff fails to plausibly allege how Mr. McCabe's purported conduct caused Plaintiff harm, which is a necessary element of a breach of fiduciary duty claim.  Plaintiff vaguely alleges Mr. McCabe accessed documents, but does not allege what documents

were accessed and how accessing such information led Plaintiff to experience harm.

Accordingly, Plaintiff's breach of fiduciary duty claim under Count I should be dismissed.

To state a breach of fiduciary duty claim, a plaintiff must show: (1) the existence of a fiduciary relationship between the plaintiff and the defendant, (2) that the defendant negligently or intentionally failed to act in good faith and solely for the plaintiff's benefit, (3) and that the plaintiff suffered an injury caused by the defendant's breach of its fiduciary duty.  Marion v. Bryn Mawr Trust Co., 288 A.3d 76, 88 (Pa. 2023).  For reasons that follow, Plaintiff fails to allege the third prong.

Here, Plaintiff vaguely alleges that Mr. McCabe accessed Plaintiff's documents and provides conclusory allegations that the access caused harm to Plaintiff.  Per the Complaint, Mr. McCabe accessed "sensitive and confidential information, including but not limited to financial information and employment records contained within these files." (Ex. 1 at ¶¶ 30 and 78.)  Plaintiff further alleges access to "law firm communications . . . including emails with clients" (id. at ¶ 40) and "emails between [Ms. McCabe and her divorce attorneys, client information, communications with mortgage companies[,] and other firm emails."  (Id. at ¶ 49.)  However, Plaintiff fails to specify how the information purportedly accessed was used in a manner that harmed Plaintiff.  Lemons v. Meguerian, No. 21-1737, 2022 U.S. Dist. LEXIS 185237, *11 (E.D. Pa. Oct. 11, 2022) (dismissing fiduciary duty claim for failing to specify how "[defendant's] alleged breach led to [plaintiff's] injuries.").  Aside from conclusory allegations, Plaintiff's allegations center around harm purportedly done to Ms. McCabe in her personal capacity – not Plaintiff.  (Ex. 1 at ¶ 59; Twombly, 550 U.S. at 555 (disregarding conclusory allegations and focusing on plausible factual allegations).)  The Court may dismiss Plaintiff's breach

5

of fiduciary duty claim against Mr. McCabe on this basis alone.  <u>Lemons</u>, 2022 U.S. Dist. LEXIS 185237, *11 (dismissing breach of fiduciary duty claim "[b]ecause the Amended Complaint fails to plausibly allege a causal nexus between [Defendant's] alleged breach and [Plaintiff's] harms.").

By way of further example, Plaintiff does not allege that the information Mr. McCabe had access to by virtue of his employment at Holland & Knight caused disruption or harm to the cases in which Holland & Knight represented Plaintiff.  Plaintiff only alleges in conclusory fashion that "the [confidential materials] have lost the commercial value that they derive from their confidentiality" because of Mr. McCabe's conduct.  (<u>Id.</u> at ¶ 103.)  Plaintiff does not provide any factual support about the purported lost commercial value or how it specifically relates to Mr. McCabe's alleged conduct.  Similarly, Plaintiff alleges "significant financial and reputation damages" without factual support tying it to Mr. McCabe's alleged conduct.  (<u>Id.</u> at ¶ 83.)  These allegations are insufficient to allege a nexus between Mr. McCabe's purported conduct and the alleged harm Plaintiff experienced.  <u>Twombly</u>, 550 U.S. at 555; <u>Lemons</u>, 2022 U.S. Dist. LEXIS 185237, *11.  Therefore, Count I of Plaintiff's Complaint against Mr. McCabe should be dismissed.

### C.  Plaintiff Fails to Plead Any Harm Sufficient to State a Claim under the <u>Computer Fraud and Abuse</u> Act under Count III.

Plaintiff fails to plausibly allege that the type of harm required under the CFAA, 18 U.S.C.A. § 1030, was caused by Mr. McCabe's alleged access to Kristy McCabe's laptop and Plaintiff's servers.  As such, Plaintiff fails to state a claim under the CFAA and Count III of the Complaint must be dismissed with prejudice as to Mr. McCabe.

To state a claim under the CFAA, a plaintiff must allege "1) intentional access; 2) of a protected computer; 3) without authorization; 4) that causes damage; **and** 5) loss." Clinton Plumbing & Heating of Trenton, Inc. v. Ciaccio, No. 09-2751, 2010 U.S. Dist. LEXIS 113215, at *11 (E.D. Pa. Oct. 22, 2010) (emphasis in original).  A civil action under the CFAA "may be brought only if the conduct involves…a particular type of harm caused by the defendant's unlawful conduct:" (a) a loss of at least $5,000, (b) an effect on the provision of medical services, (c) a physical injury, (d) a threat to public health or safety, or (e) damage to a federal government computer.  Spirits v. Ragghianti, No. 23-2913, 2024 U.S. App. LEXIS 15487, at *9 (3d Cir. June 26, 2024) (citing 18 U.S.C. § 1030(g)).

Here, the Complaint fails to plausibly allege any of these types of harm, including that it suffered at least $5,000 in economic damages. See 18 U.S.C. § 1030(g) (limiting the harm that may be pleaded in satisfaction of the first factor to economic damages). Plaintiff alleges that Mr. McCabe accessed and reviewed communications and client files stored on Plaintiff's server through Kristy McCabe's computer for use in divorce proceedings.  (Ex. 1 at ¶¶ 37-44.)  However, Plaintiff fails to plausibly allege that it suffered any harm set forth under the CFAA as the result of Mr. McCabe's access of such records.  See 18 U.S.C. § 1030(c)(4)(A)(i) (allowing civil actions under the CFAA only where "the offense caused" one of the enumerated harms).  Although the Complaint generally "requests judgment against all Defendants in an amount to exceed $150,000" (id. at ¶ 134), Plaintiff fails to plead any economic damage and loss caused by Mr. McCabe's alleged unauthorized access, as required under the CFAA.  See 18 U.S.C. § 1030(g).

Throughout the Complaint, Plaintiff vaguely alleges that it suffered (or will suffer in the future) "financial and reputational damages" (ex. 1 at ¶¶ 59, 83, and 99) and the loss of the confidentiality of its records (id. at ¶¶ 103, 121, and 130) due to Defendants' conduct.  But such non-economic damages cannot support a claim under the CFAA.  See PNC Mortg. v. Superior Mortg. Corp., No. 09-5084, 2012 U.S. Dist. LEXIS 25238, at *11 (E.D. Pa. Feb. 27, 2012) (denying a motion to amend as futile because harm in the form of lost costumers and relationships was not compensable under the CFAA); Bansal v. Russ, 513 F. Supp. 2d 264, 279 (E.D. Pa. 2007) (dismissing claim under the CFAA because plaintiff failed to allege that a compensable economic loss was caused by a violation of the CFAA); see also Ciaccio, No. 09-2751, at *25 (finding "reputational damages" were "not the type of loss envisioned by the drafters of the CFAA").

Plaintiff also fails to plead the "losses" it incurred in connection with any disclosures to insurers (ex. 1 at ¶ 131) or damage assessments conducted (id. at ¶ 132) due to Mr. McCabe's alleged unlawful conduct.  For instance, Plaintiff does not allege a change or increase in its insurance premiums or any loss of coverage; nor could Plaintiff assign any value to merely communicating with its insurer.  Likewise, Plaintiff does not allege the date, cost, or result of any alleged damage assessment conducted in response to Mr. McCabe's access of Kristy McCabe's computer.  Moreover, Plaintiff fails to plead "any measures had to be taken to remedy any damage done to their computer system or to protect themselves from having this alleged injury occur again in the future . . . demonstrat[ing] that no such damage existed."  Advantage Ambulance Grp., Inc. v. Lugo, No. 08-3300, 2009 U.S. Dist. LEXIS 26465, at *12-13 (E.D. Pa. Mar. 30, 2009).

Plaintiff does not, because he cannot, plead any damage here as, according to Plaintiff, Mr. McCabe is alleged to have accessed Plaintiff's records using an employee computer and password and to have only taken "screenshots" of communications.  (Ex. 1 at ¶ 43.)[1]  The CFAA is meant to protect against computer hackers and remedy "technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data."  Van Buren v. United States, 593 U.S. 374, 392, (2021) (finding that the defendant's obtainment of information from a database for an improper purpose did not impair the integrity or availability of data or harm the database itself and declining to expand the definitions of "damage" and "loss" beyond these kinds of "technological harms" that the CFAA was meant to address); see also Gap Props., LLC v. Cairo, No. 19-20117 (KM) (ESK), 2022 U.S. Dist. LEXIS 213484, at *13-14 (D.N.J. Nov. 28, 2022) (citations omitted) ("Mere unauthorized access, however, does not constitute actionable damage under the CFAA. More is required. Courts have found damage, for example, where a defendant has inflicted some type of impairment on the computer, such as corruption of files…deletion of data…or installation of unauthorized software.")  Allegations that a defendant fraudulently accessed electronic documents,

---

[1] Notably, Plaintiff does not attach these allegedly unlawful screenshots despite specifically referencing them as the cause and source of Plaintiff's damages.  Attached here are true and authentic copies of the screenshots at issue that Defendant McCabe took from a computer Defendant McCabe owned, not "Ms. McCabe's work laptop", while this laptop was open on Mr. McCabe's dining room table in his home.  (See Exhibit 2, Mr. McCabe's Screenshots; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (noting that documents explicitly relied upon in the complaint may be considered without converting the motion into one for summary judgment).)  Upon review, it is obvious why Plaintiff did not include these screenshots in the Complaint as there is no "client information" or Fritz and Bianculli Confidential Information contained in them.  If anything, it shows Plaintiff's use of Fritz and Bianculli's email to carry out an affair with Plaintiff's employee, Ms. McCabe.

emails, and other data stored on a computer system "without more, is insufficient to allege 'damage' under the CFAA."  (Id.)  Plaintiff alleges no technological harm or corruption of files resulting from Mr. McCabe's conduct here.

For the foregoing reasons, Plaintiff's allegations are insufficient to state a claim under the CFAA and Count III of the Complaint against Mr. McCabe should be dismissed with prejudice.

### D.  Plaintiff Fails to State a Claim under the Stored Communications Act under Count IV.

Plaintiff fails to state a claim under the SCA, 18 U.S.C.A. § 2701, because Plaintiff, Fritz Bianculli, and Holland & Knight are not facilities that provide an electronic communication service as defined under the SCA.  As such, Count IV of the Complaint against Mr. McCabe should be dismissed with prejudice.

To state a claim under the SCA, a plaintiff must show that the defendant "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system."  In re Google Inc., 806 F.3d 125, 145-46 (3d Cir. 2015) (citing 18 U.S.C. § 2701(a)).

Although the SCA does not define the term "facility," it defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications."  18 U.S.C. § 2510(15) (incorporated by reference in 18 U.S.C. § 2711(1)).  Thus, the SCA applies only to "network service providers," such as "telephone companies, internet or e-mail service providers, and bulletin board services."  In re Google, 806 F.3d at 147 (citations omitted) ("The Act

clearly shows a specific congressional intent to deal with the particular problem of private communications in network service providers' possession.").  Furthermore, personal computing devices are not protected "facilities" under the SCA.  See id. at 148; Thompson v. Ross, No. 2:10-cv-479, 2010 U.S. Dist. LEXIS 103507, at *15 (W.D. Pa. Sep. 30, 2010) ("[E]-mail messages downloaded and stored on, and subsequently accessed solely from, a user's personal computer does not fit within the SCA's definition of electronic storage.").

Here, Plaintiff alleges that Mr. McCabe (1) accessed without authorization Plaintiff's electronic communications through Kristy McCabe's personal computer (ex. 1 at ¶¶ 38-39), and (2) exceeded his authorization to access Plaintiff's electronic communications stored on Holland & Knight's database through a computer or device (id. at ¶¶141-144).

Plaintiff's SCA claim fails because neither Plaintiff, Fritz Bianculli, nor Holland & Knight are a "facility" as defined under the SCA and Third Circuit precedent.  Both Plaintiff and Holland & Knight are law firms.  (Id. at ¶ 9.)  Neither of these firms are "network service providers" protected under the SCA.  In re Google, Inc., 806 F.3d at 147.  Moreover, even if Plaintiff and Holland & Knight could be considered "facilities," Plaintiff alleges only that Mr. McCabe accessed Plaintiff's electronic communications through personal computers, which is insufficient to state a claim under the SCA in the Third Circuit. See Allen v. Quicken Loans, Inc., Civil Action No. 17-12352 (ES) (MAH), 2018 U.S. Dist. LEXIS 192066, at *31 (D.N.J. Nov. 9, 2018) (finding amendment futile and dismissing the complaint with prejudice where plaintiff alleged that defendants accessed stored files on plaintiff's and others' computers and devices).

In light of Plaintiff's failure to state a claim under the SCA, Count IV of the Complaint against Mr. McCabe should be dismissed with prejudice.

### E.  Plaintiff Fails to State a Civil Conspiracy Claim under Count V.

#### i.  The Complaint Fails to Allege That Mr. McCabe Intended Injury to Plaintiff.

Plaintiff fails to plead that Mr. McCabe acted with "the sole intent to injure" Plaintiff.  To the contrary, Plaintiff admits that Mr. McCabe's alleged conduct was undertaken, in whole or in part, to injure a third party, Kristy McCabe in her personal capacity (i.e., not Plaintiff).  As such, Plaintiff fails to state a prima facie conspiracy claim against Mr. McCabe, and this Court should dismiss Count V with prejudice.

To state a claim for civil conspiracy in Pennsylvania, Plaintiff must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.  Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003) (citing Strickland v. Univ. of Scranton, 700 A.2d 979, 987-988 (Pa. Super. Ct. 1997)).  Proof of malice is an essential part of a conspiracy claim.  Goldstein v. Philip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004).  Malice requires that the conspirators act solely to injure the plaintiff.  Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979).

Since Thompson, courts dismiss conspiracy claims that do not plead that the defendant(s) acted solely to injure the plaintiff.  See e.g., Sarpolis v. Tereshko, 26 F. Supp. 3d 407, 423-24 (E.D. Pa. 2014) (declining to infer malice where complaint explicitly averred that "all parties reaped financial or career benefits, at Plaintiff's expense" as a result of the alleged conspiracy), aff'd, 625 F. App'x 594 (3d Cir. 2016);

Giordano v. Claudio, 714 F. Supp. 2d 508, 534 (E.D. Pa. 2010) ("A showing that an alleged conspirator acted for professional or business benefit will preclude a finding of malice."); Bro-Tech Corp. v. Thermax, Inc., 651 F. Supp. 2d 378, 419 (E.D. Pa. 2009) (finding that acting for one's business advantage and benefit undercuts the notion that the defendant acted purely out of malice, thereby precluding a civil conspiracy claim).

Here, Plaintiff alleges that "Defendants' actions were part of a malicious conspiracy to gather sensitive information regarding [Plaintiff's] employees **to use offensively in the McCabe Divorce Matter and/or** to cause pecuniary and reputational harm to Plaintiff Fritz and Bianculli." (Ex. 1 at ¶ 99.) Plaintiff's allegation may be interpreted in one of two ways, neither of which is sufficient to state a conspiracy claim.

The first interpretation – in which Plaintiff alleges that Defendants' conduct was undertaken to "use [information] offensively" in Mr. McCabe's divorce – falls decidedly outside of the sole purpose to injure Plaintiff category. (Id.) Plaintiff is not a party to Mr. McCabe's divorce. Mr. McCabe is divorcing Kristy McCabe. (Id. at 33.) The fact that Ms. McCabe works for Plaintiff is of no moment for this analysis because, taking the allegations as true, Defendants, including Mr. McCabe, acted to purportedly injure Ms. McCabe, not Plaintiff. If the Court reads the allegation in this manner, then Plaintiff has not stated a conspiracy claim. Thompson, 412 A.2d at 472.

The second interpretation – in which Plaintiff alleges the same but includes "and/or" language to allege that Defendants, including Mr. McCabe, may have also acted to "cause pecuniary and reputational harm" to it – falls outside the sole purpose category. (Ex. 1 at ¶¶ 99.) Notably, Plaintiff also alleges that:

> Defendant McCabe purposefully accessed this sensitive and
> confidential information with the intent of (i) obtaining some

> sort of information to financially, reputationally, or otherwise
> harm Brian Fritz and/or [Plaintiff], **and** (ii) using such
> information against Kristy McCabe in ongoing divorce
> proceedings.

(Id. at ¶ 59.)  Under this reading, Plaintiff offers multiple purposes for the alleged

conspiracy as to Mr. McCabe.  Thus, even if this Court accepts that one such purpose

was to harm Plaintiff, the claim still fails based on the existence of additional purposes

(i.e., to allegedly use against Ms. McCabe).  Church Mut. Ins. Co. v. Alliance

Adjustment Grp., 2016 U.S. Dist. LEXIS 89194, *15 (E.D. Pa. July 11, 2016) ("In

interpreting Thompson Coal, courts in this district have construed the malice element

narrowly as requiring proof that the sole purpose of the conspiracy is to cause harm to

the party who has been injured.").

    Plaintiff also alleges that "Defendants all knowingly and intentionally conspired to

deceive [Plaintiff] into thinking that their confidential materials would not be accessed by

unauthorized persons." (Ex. 1 at ¶ 148.)  This allegation fails to bring Plaintiff over the

threshold of stating a conspiracy claim. Indeed, courts have found that "the fact that it

may have been necessary to deceive Plaintiffs in order to carry out their scheme **in no**

**way** indicates that they acted with malice solely to injure Plaintiffs."  Spitzer v. Abdelhak,

No. 98-6475, 1999 U.S. Dist. LEXIS 19110 at *31 (E.D. Pa. Dec. 15, 1999).  In Spitzer,

the defendant's purpose for the conspiracy was personal and professional gain.  (Id.)

That the defendant allegedly used deception to accomplish their goal did not establish

malice as required under Thompson.  (Id.)  Likewise here, the Complaint fails to allege

that Mr. McCabe acted solely to injure Plaintiff.  (Ex. 1 at ¶¶ 58, 99, and 148.)  Plaintiff's

subsequent allegations of deception as to Mr. McCabe does nothing to establish that

Mr. McCabe acted with malice (i.e., with the sole purpose of injuring Plaintiff).  Spitzer, No. 98-6475, at *31.

ii. **Plaintiff Fails to Allege Actual Damages From Mr. McCabe's Conduct.**

The Complaint fails to plausibly allege how Mr. McCabe's purported misconduct caused Plaintiff damages.  Gen. Refractories Co., 337 F.3d at 313 (listing "actual legal damages" as part of the prima facia conspiracy claim).  Indeed, the Complaint allegations are wholly conclusory about the *type* of information Mr. McCabe accessed and *how* it harmed *Plaintiff*.  Ewideh v. Homesite Ins. Co. of the Midwest, 2024 U.S. Dist. LEXIS 134999, *15 (M.D. Pa. July 31, 2024) (observing that conspiracy claims that fail to plead actual legal damage are conclusory under Twombly).

Plaintiff fails to articulate what exactly Mr. McCabe accessed that purportedly caused Plaintiff harm.  For instance, Plaintiff alleges that Mr. McCabe accessed "sensitive and confidential information, including but not limited to financial information and employment records contained within these files."  (Ex. 1 at ¶¶ 30 and 78.)  Plaintiff does not, however, specify what files "these" are.  Elsewhere, Plaintiff alleges access to "law firm communications . . . including emails with clients."  Beyond this generic description, no factual elaboration follows.  (Id. at ¶ 40.)  Plaintiff also alleges access to "emails between [Ms. McCabe and her divorce attorneys, client information, communications with mortgage companies[,] and other firm emails."  (Id. at ¶ 49.)  Ultimately, the allegations are not supported without detailed information about the specific information accessed, including how they might relate to Plaintiff.

Even if this Court finds that Plaintiff sufficiently alleged what Mr. McCabe accessed, Plaintiff's threadbare allegations of damages are insufficient to state a civil conspiracy claim.  <u>Twombly</u>, 550 U.S. at 555.  Plaintiff alleges:

> As a result of the unauthorized access, Plaintiff has incurred significant **financial and reputational damages**, and will incur **such damages** both known and unforeseen at present, as a result of Defendants' unlawful conduct, including, but not limited to **costs** associated with Holland & Knight's negligent, careless, reckless, purposeful and/or intentional actions independently and/or vicariously through Defendants McCabe, Donahue and Berg's unlawful use of Confidential Information, reputational damages resulting from having to disclose and/or report the unauthorized access, and **damages relating to market competition**.

(Ex. 1 at ¶ 83.)  First, the allegation that "Plaintiff incurred significant financial and reputational damages" fails to provide specific details about the nature of the damages or the amount.  (<u>Id.</u>)  Second, the allegation about reputational damages is unaccompanied by any specific instances of how the alleged disclosure led to reputational harm or how such harm resulted from Mr. McCabe's alleged conduct.  (<u>Id.</u>)  The allegations regarding costs fail to specify which actions caused which damages; thus, it fails as conclusory.  (<u>Twombly</u>, 550 U.S. at 555; Ex. 1 at ¶ 83.)  Fourth, "damages relating to market competition" fails to detail which market was allegedly impacted, when it was impacted, or what specific damages arose from this impact.  (<u>Id.</u>)  Accordingly, Plaintiff's civil conspiracy claim against Mr. McCabe should be dismissed.

**V.      CONCLUSION**

For the foregoing reasons, Mr. McCabe respectfully requests that this Court grant

his Motion to Dismiss and dismiss Counts I, III, IV, and V of the Complaint against him

with prejudice.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  September 16, 2024          /s/ Joe H. Tucker, Jr.
Joe H. Tucker, Jr., Esquire
Jessica A. Rickabaugh, Esquire
David J. Carcamo, Esquire
Nancy Fisher Onaderu, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Defendant Patrick McCabe*

## <u>CERTIFICATE OF SERVICE</u>

I, Joe H. Tucker, Jr., Esquire certify that on this date, I caused a copy of the foregoing document to be electronically filed through the Court's ECF System and that a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document.


**TUCKER LAW GROUP, LLC**

Date:  September 16, 2024            /s/ Joe H. Tucker, Jr.              
                                    Joe H. Tucker, Jr., Esquire