IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FRITZ & BIANCULLI, LLC d/b/a FRITZ BIANCULLI, <br> Plaintiff, <br><br> v. <br><br> PATRICK MCCABE, HOLLAND AND KNIGHT, LLP, JEAN DONOHUE, AND ERIC BERG, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> No. 24-cv-4741-JMY |

## ORDER

AND NOW, this 13th day of December, 2024, upon consideration of Defendant Patrick McCabe's Motion to Strike, which was embedded in his Motion to Dismiss (ECF No. 18), it is hereby **ORDERED** said Motion is **DENIED in PART** and **GRANTED in PART.**[i] The Amended Complaint (ECF No. 16) shall be revised in accordance with the following:

1. Defendant's motion to strike paragraphs 42, 43, 56, 63, and 70-72 is **GRANTED**.

2. Defendant's motion to strike paragraphs 59 and 65 is **GRANTED** in accordance with the instructions in the footnote; and

3. Defendant's motion to strike paragraphs 58, 60-62, 66-68, and 80 is **DENIED**.

Plaintiff shall refrain from making amendments to the Amended Complaint (ECF No. 16) until after the Court's ruling on Defendant's Motions to Dismiss (ECF No. 18 & 19).

**IT IS SO ORDERED**.

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

i       Under Rule 12(f), a party may make a motion to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter in a pleading is "immaterial when it has no essential or important relationship to the claim for relief." *Snider for Goldhirsh v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 147 (E.D. Pa. 2022) (internal quotations omitted). It is considered "impertinent when it does not pertain to the issues raised in the complaint." *Id.* And it is scandalous when it "improperly casts a derogatory light on someone, most typically on a party to the action." *Id.*

      A court will grant a motion to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerey v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). While courts have "considerable discretion in disposing of a motion to strike," said motions are "not favored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Rd. Dev. Corp. v. Carlson Corp.- Ne.*, No. CIV. A. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990).

      First, Defendant McCabe requests the Court to strike paragraphs 70, 71, and 72 from Plaintiff's First Amended Complaint ("FAC"). (Def.'s Mot., ECF No. 18, p. 18). These paragraphs allege that Plaintiff was subpoenaed in Defendant McCabe's divorce proceedings, causing Plaintiff to accumulate ongoing attorney's fees and costs that exceed $25,000. (FAC ¶¶ 70-71). Plaintiff claims that the scope of Defendant McCabe's subpoena "was informed by his unauthorized access to Plaintiff's Confidential Files." (FAC ¶ 72). Defendant McCabe argues that these allegations are "unrelated" to this action, as the "purported damages were not caused by Defendants' alleged conduct here." (Def.'s Mot., p. 19). Further, he contends that "Plaintiff has no basis for seeking attorney' fees and costs as damages."

      A plaintiff's "demand for damages that is not recoverable as a matter of law may be stricken pursuant to Rule 12(f)." *Rivera v. Dealer Funding*, LLC, 178 F. Supp. 3d 272, 281 (E.D. Pa. 2016); *see also Kirschner v. State Farm Fire & Cas. Co.*, No. CV 23-993, 2023 WL 7167568, at *2 (E.D. Pa. Oct. 31, 2023) ("Where a court can determine from the face of the complaint that a plaintiff cannot recover attorneys' fees, such a request may be stricken."). Courts have long recognized the American Rule, which "provides that litigants are responsible for their own attorney fees unless a contract or statute expressly states otherwise." *Marshall Invs. Corp. v. Krones A.G.,* 572 Fed. App'x 149, 152 n.3 (3d Cir. 2014). In this case, Plaintiff seeks to recover attorney fees for their representation in a divorce proceeding between Defendant McCabe and his wife, a non-party to this action, in which Plaintiff has been subpoenaed as a non-party. As a non-party in that action, Plaintiff's attorney fees would not fall under the "third-party litigation exception" to the American Rule because the firm is neither "bringing" nor "defending" an action because of Defendant's alleged actions. *See, e.g., In re Skinner*, 532 B.R. 599, 608 (E.D. Pa. 2015), *aff'd,* 636 F. App'x 868 (3d Cir. 2016) ("One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for… attorney fees and other expenditures thereby suffered or incurred in the earlier action.") (citing Restatement (Second) of Torts § 914 (1979)). Moreover, despite Plaintiff's contentions, these costs would not be recoverable under the Computer Fraud and Abuse Act ("CFAA") because it is not a "technological harm." *Van Buren v. United States*, 593 U.S. 374, 391 (2021) (citing 18 U.S.C. § 1030(e)(11)); *see also KBS Pharmacy, Inc. v. Patel*, No. CV 21-1339, 2021 WL 2351961, at *8 (E.D. Pa. June 9, 2021) (dismissing a request for attorney fees post-*Van Buren* because "the

CFAA does not include a provision for attorneys' fees."). Because these attorney fees are not recoverable, paragraphs 70-72 are immaterial, and thus stricken from the FAC.

      Second, Defendant McCabe requests the Court to strike paragraphs 42, 43, 56, 58-63, 65-68, and 80 from Plaintiff's FAC. (Def.'s Mot., p. 20). These paragraphs include details of or references to Defendant McCabe's alleged abusive treatment of his wife. Defendant McCabe's alleged abuse forms the basis of the restraining orders that were filed against him by wife. While the existence of these restraining orders may be relevant to Plaintiff's claims, particularly with regard to a potential conflict of interest in Holland & Knight's representation of Fritz Bianculli, the specific details of the alleged abuse are immaterial to Plaintiff's claims. The allegations of physical and verbal abuse play no plausible role in Plaintiff's claims, which primarily are based on Defendants' alleged unauthorized access of computer files. Instead, the inclusion of these details of physical and verbal violence unreasonably casts Defendant McCabe in a derogatory light that prejudices him in this litigation.

      As such, paragraphs 42, 43, 56, and 63 of the FAC are struck. Next, in paragraph 65, which alleges when the second restraining order was sought, only the following is stricken: "…due to further physically threatening behavior by Defendant McCabe." Similarly, only the reference to "physical threats" in paragraph 59 is stricken. And finally, paragraphs 58, 60-62, 66-68, and 80 are not struck because they pertinently allege information about the restraining orders without including details of the alleged underlying abuse.