IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRITZ & BIANCULLI, LLC, d/b/a FRITZ BIANCULLI, | : : : | |
| Plaintiff, | : : | Civil Action |
| v. | : : | No. 24-cv-4741-JMY |
| PATRICK MCCABE, *et al.*, | : : | |
| Defendant. | : : : | |

**MEMORANDUM**

**Younge, J.**                                                                                     **May 23, 2025**

**I.     INTRODUCTION**

Currently before this Court is Plaintiff's Motion to Dismiss the Amended Counterclaims of Defendant Patrick McCabe and Motion to Strike. (ECF No. 51).[1] The Court finds these Motions appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, the Motion to Dismiss is granted in part and denied in part, and the Motion to Strike is granted in part and denied in part.

**II.    FACTUAL BACKGROUND**

On February 13, 2025, this Court issued an Order granting in part and denying in part Defendants' Motions to Dismiss Plaintiff's Amended Complaint. (ECF No. 38). The facts underling Plaintiffs' claims against Defendants are outlined in the accompanied Memorandum. (ECF No. 37). On February 27, 2025, with respect to the remaining claims, Defendant McCabe filed his Answer to Plaintiff's Amended Complaint that included counterclaims. (ECF No. 41). On

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

March 27, 2025, Defendant McCabe filed an Amended Answer and Counterclaims, which included the following: (1) Count I – "Malicious Prosecution a/k/a Wrongful Use of Civil Proceedings, 42 PA. C. S. § 8351;" (2) Count II – Abuse of Process; and (3) Count III – Defamation. (ECF No. 46 ("Answer")). Thereafter, on April 10, 2025, Plaintiff filed the present Motion to Dismiss Defendant McCabe's Counterclaims and a Motion to Strike portions of the Defendant McCabe's Answer. (ECF No. 51).

### III.   12(b)(6) Motion

#### A.  Legal Standard

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). All well-pleaded allegations must be accepted as true and interpreted in the light most favorable to Defendant McCabe, and all inferences must be drawn in Defendant McCabe's favor. *See McTernan v. City of York*, 577 F. 3d 521, 526 (3d. Cir. 2009). Thus, this Court must examine Defendant McCabe's counterclaims to determine whether it can infer that Plaintiff is liable for the alleged misconduct.

## B. Malicious Prosecution

Defendant McCabe asserts a malicious prosecution claim against Plaintiff. This claim was once a common law tort, but since it was codified through the Dragonetti Act in 1980, the cause of action is now known as a "wrongful use of civil procedure claim." *See* 42 Pa. C. S. § 8351; *First Lehigh Bank v. N. River Ins. Co.*, No. 88-7746, 1989 WL 146654, at *4 (E.D. Pa. Dec. 4, 1989). A party is liable for said claim if: "(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) The proceedings have terminated in favor of the person against whom they are brought." 42 Pa. C. S. § 8351(a). Accordingly, the party seeking the claim must prove "that he or she prevailed in the underlying action, that the Dragonetti defendants acted in a grossly negligent manner *or* without probable cause in pursuing the underlying action, *and* that they had an improper purpose in doing so." *Schmidt v. Currie*, 470 F. Supp. 2d 477, 480 (E.D. Pa. 2005), *aff'd*, 217 F. App'x 153 (3d Cir. 2007). Plaintiff argues that Defendant McCabe's claim fails as a matter of law because the underlying action that forms the basis of this claim is still ongoing. The Court agrees.

Courts in this district have held that, under the Dragonetti Act, "it is premature to assert a counterclaim for malicious prosecution in the action which is alleged to have been maliciously or wrongfully brought." *Minnesota Corn Processors, Inc. v. McCormick*, No. 99-5932, 2000 WL 948659, at *6 (E.D. Pa. July 7, 2000) (quoting *United States ex rel Sacks v. Philadelphia Health Mgt. Corp.,* 519 F.Supp. 818, 826 n.9 (E.D.Pa.1981)); *see also Linker v. Custom-Bilt Mach. Inc.,* 594 F. Supp. 894, 902 (E.D. Pa. 1984) ("The statute, on its face, requires that this proceeding terminate in favor of defendants before defendants' claim for wrongful use of civil proceedings is ripe for adjudication."); *First Lehigh Bank,* 1989 WL 146654, at *5 n.3 ("It is true that, in

Pennsylvania, a claim for malicious use of process may be brought only after the defendant has prevailed in the lawsuit in question. If the claim is advanced earlier, it must be dismissed without prejudice as premature."). Because Defendant McCabe's accusation in his counterclaim arises out of the ongoing present action, "the counterclaim for wrongful use of civil proceeding [has] not matured and must be dismissed without prejudice for failure to state a claim." *U.S. ex rel. Magid v. Wilderman*, No. 96-CV-4346, 2005 WL 469590, at *3 (E.D. Pa. Feb. 28, 2005) (dismissing a counterclaim because the underlying action had not terminated in favor of the complaining party).

Defendant McCabe argues, without providing any caselaw, that this Court's dismissal of some of the claims Plaintiff asserted against him constitutes the termination required for this claim. This argument is made to no avail, as the statute requires that "[t]he **proceedings** have terminated in favor of the person against whom they are brought." 42 Pa. C. S. § 8351(a) (emphasis added); *see also Iama, Inc. v. L. Offs. of Peter E. Meltzer*, No. 04141, 2003 WL 1875107, at *3 (Pa. Com. Pl. Mar. 17, 2003), *aff'd sub nom. Iama Inc. v. L. Offs. of Meltzer*, 850 A.2d 19 (Pa. Super. Ct. 2004) ("For purposes of this wrongful use of civil proceedings claim, the "proceeding" at issue is the Underlying Action."). Accordingly, Count I is dismissed without prejudice. *See Polysciences, Inc. v. Masrud,* No. 22-1767, 2023 WL 3377084, at *2 (3d Cir. May 11, 2023) ("As these proceedings are ongoing, Griffin cannot make out a plausible claim of wrongful or malicious use of process.").

### C. Abuse of Process

Next, Defendant McCabe claims that Plaintiff committed an abuse of process tort because it "used this litigation for an improper purpose for which it was not designed." (Answer ¶ 53). For Defendant McCabe "to establish a claim for abuse of process it must be shown that [Plaintiff] (1) used a legal process against [Defendant McCabe], (2) primarily to accomplish a purpose for which

the process was not designed; and (3) harm has been caused to [Defendant McCabe]." *Rice Drilling B, LLC v. Scott*, 2024 PA Super 195, 325 A.3d 663, 680 (2024), *reargument denied* (Nov. 13, 2024) (quoting *P.J.A. v. H.C.N.*, 156 A.3d 284, 288 (Pa. Super. 2017) (citation omitted), *appeal denied*, 170 A.3d 1019 (Pa. 2017)). Plaintiff argues that this claim fails as a matter of law because Defendant McCabe has not pled a sufficient improper purpose to satisfy the second requirement of his claim.

Under Pennsylvania law, an abuse of process claim is concerned with "the improper use of process after [the litigation] has been issued," *Schwartz v. OneWest Bank, FSB*, 614 F. App'x 80, 83 (3d Cir. 2015) (quoting *McGee v. Feege,* 517 Pa. 247, 535 A.2d 1020, 1023 (1987)), so "merely initiating ... litigation for a wrongful purpose alone is not actionable." *Schwartz*, 614 F. App'x at 83 (quoting *Rosen v. Tesoro Petroleum Corp.,* 399 Pa.Super. 226, 582 A.2d 27, 33 (1990)) (quotation marks omitted and insertions accepted). Stated otherwise, "[t]he touchstone of the tort is that, *subsequent* to the issuance of process, a party has perversely, coercively, or improperly used that process." *Cameron v. Graphic Mgmt. Assocs., Inc.,* 817 F. Supp. 19, 21 (E.D. Pa. 1992) (internal citations omitted and emphasis added).

Here, Defendant McCabe pleads that Plaintiff "commenced and/or continued" this lawsuit against him to (1) "harass, harm, defame, intimidate, and embarrass [him];" (2) "gain an advantage in the McCabe divorce proceedings and to get revenge against [him] for exposing Brian Fritz's and Kristy McCabe's misconduct during the same;" and (3) "deplete [him] of funds and resources to defend himself in this action and the McCabe divorce matter." (Answer ¶ 54-57). Even if these are purposes that trigger liability under this tort, Defendant McCabe's allegations concern the initiation of the litigation, rather than actions taken by Plaintiff after the litigation started. This does not comport with this tort, as "abuse-of-process claims pertain to a perversion of the litigation

process *after* it has been initiated, and not to the initiation of the process itself." *Polysciences, Inc.*, 2023 WL 3377084, at *2. Defendant McCabe's claim that the lawsuit was continued for these purposes does not circumvent this requirement because "there is no cause of action for abuse of process if the claimant, even with bad intentions, merely carries out the process to its authorized conclusion." *Cameron,* 817 F. Supp. at 21 (citing *Shaffer v. Stewart,* 326 Pa.Super. 135, 473 A.2d 1017, 1019 (1984)). Accordingly, Count II is dismissed without prejudice.

### D. Defamation

Finally, Defendant McCabe asserts a defamation counterclaim against Plaintiff. For this claim, Defendant McCabe "bears the burden of proving: (1) the defamatory character of the communication; (2) its publication by [Plaintiff]; (3) its application to [Defendant McCabe]; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to [Defendant McCabe]; (6) special harm resulting to [Defendant McCabe] from its publication; and (7) abuse of a conditionally privileged occasion." *Balletta v. Spadoni*, 47 A.3d 183, 196–97 (Pa. Commw. Ct. 2012) (citing 42 Pa. C.S.A. § 8343(a)); *see also Pace v. Baker-White*, 432 F. Supp. 3d 495, 508 (E.D. Pa. 2020), *aff'd,* 850 F. App'x 827 (3d Cir. 2021). Plaintiff argues that Defendant McCabe has not pled facts to satisfy the second requirement—publication .

First, Plaintiff correctly points out that Defendant McCabe improperly pled facts "upon information and belief" in attempt to demonstrate a publication. In his Amended Answer, Defendant McCabe asserts "upon information and belief" that firm-partners Brian Fitz and Kristy McCabe, acting as agents of Plaintiff, "reported to colleagues and members of the legal community the same scandalous, per se defamatory, and false allegations of physical threats and abuse by Mr. McCabe." (Answer ¶ 68). In the Third Circuit, pleading upon information and belief is permissible

"[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control" *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016). The facts pled here could not be in the exclusive control of Plaintiff as it involves sharing information with third parties—colleagues and members of the legal community. Pleading upon information and belief in this scenario is inappropriate, so Defendant McCabe's claim must rest on the remaining averments.

Next, Plaintiff argues that the remaining pled averments of publication concern statements that Plaintiff published in their pleadings, which are covered by an absolute privilege, thus making the claim fail as a matter of law. "[A] publisher of defamatory material is not liable if the publication was made subject to a privilege and the privilege was not abused." *Ralston v. Garabedian*, 676 F. Supp. 3d 325, 340 (E.D. Pa. 2021). Under Pennsylvania law, one such privilege is the "judicial privilege," which covers communications that were (1) "issued during the regular course of the judicial proceedings;" and (2) "pertinent and material to those proceedings." *Bochetto v. Gibson*, 580 Pa. 245, 253, 860 A.2d 67, 73 (2004).  Here, in the Counterclaim, Defendant McCabe pleads that Plaintiff "alleged scandalous and per se defamatory matter against Mr. McCabe in its Amended Complaint, including that Mr. McCabe threatened and was abusive and violent toward Kristy McCabe." (Answer ¶ 63). In this Court's Order granting in part and denying in part's Defendant McCabe's Motion to Strike, the Court held "that the specific details of the alleged abuse are immaterial to Plaintiff's claims," and struck paragraphs or portions of paragraphs that included such information. (ECF No. 35). Accordingly, because the Court has already found that such statements were not pertinent to the proceeding, they fail to satisfy the requirements that invoke the judicial privilege. Defendant McCabe has pled facts sufficient to

establish publication, so Plaintiff's motion to dismiss the defamation counterclaim (Count III) is denied.

## IV.  12(f) Motion

### A. Legal Standard

Under Rule 12(f), a party may make a motion to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter in a pleading is "immaterial when it has no essential or important relationship to the claim for relief." *Snider for Goldhirsh v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 147 (E.D. Pa. 2022) (internal quotations omitted). It is considered "impertinent when it does not pertain to the issues raised in the complaint." *Id.* And it is scandalous when it "improperly casts a derogatory light on someone, most typically on a party to the action." *Id.*

A court will grant a motion to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerey v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). While courts have "considerable discretion in disposing of a motion to strike," said motions are "not favored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Rd. Dev. Corp. v. Carlson Corp.-Ne.*, No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990).

### B. Striking Portions of Amended Answer and Amended Counterclaims

Plaintiff requests this Court to strike Defendant McCabe's request for attorney's fees in Count III (defamation) of his Counterclaims and specific averments made in his Answer.

First, a "demand for damages that is not recoverable as a matter of law may be stricken pursuant to Rule 12(f)." *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 281 (E.D. Pa. 2016);

*see also Kirschner v. State Farm Fire & Cas. Co.*, No. 23-993, 2023 WL 7167568, at *2 (E.D. Pa. Oct. 31, 2023) ("Where a court can determine from the face of the complaint that a plaintiff cannot recover attorneys' fees, such a request may be stricken."). Courts have long recognized the American Rule, which "provides that litigants are responsible for their own attorney fees unless a contract or statute expressly states otherwise." *Marshall Invs. Corp. v. Krones A.G.*, 572 Fed. App'x 149, 152 n.3 (3d Cir. 2014). Here, Defendant McCabe requests attorney fees in his defamation claim outlined in Count III of his Counterclaims. However, "there is no statute authorizing attorney's fees and costs to a party who prevails on a common law defamation claim." *Elliot v. US Inspect Grp., Inc.*, No. 19-3319, 2020 WL 2933676, at *2 (E.D. Pa. June 3, 2020), *amended*, No. 19-3319, 2020 WL 7705881 (E.D. Pa. July 6, 2020). Without statutory authority for attorney fees, which Defendant McCabe has not pointed the Court to, his demand for attorney fees under the defamation claim is stricken because it is not recoverable.

Next, Plaintiff argues that the following statements should be stricken as immaterial, impertinent, and scandalous:

1. "'Fritz was too cheap and too much of a pathetic greedy little prick' to provide attorneys at [Fritz Bianculli] with laptops." (Answer, p. 3; Answer ¶ 45).
2. "Brian Fritz previously dangled a potential ownership stake in the building to Kristy McCabe in one of his prior attempts to use his position of employer over her to prey upon her." (Answer ¶ 4).
3. "Mr. McCabe's role on the Fritz matters prior to the discovery of the Fritz's eventual success in using his position of power to prey upon Kristy McCabe and offer her a shore house in exchange for an affair, was the relationship manager on the Fritz files and Mr. McCabe did not bill his time on the matters as a courtesy." (Answer ¶ 12).

With respect to the first averment, the quote and statement reasonably relates to Plaintiff's Stored Communications Act claim ("SCA"), of which Plaintiff alleges that Defendant McCabe accessed the Fritz Bianculli server through his wife's email. As Defendant McCabe explains in his briefing, this statement is pertinent to his arguments about the ownership and use of the family laptop, which relates to the question of authorization under this statute. *See In re Google Inc.,* 806 F.3d 125, 145–46 (3d Cir. 2015) (outlining the following requirements for a SCA claim: "(1) intentionally access without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceed an authorization to access that facility; and thereby obtain, alter, or prevent authorized access to a wire or electronic communication while it is in electronic storage in such system.") This averment is far from triggering the strict standard for striking under Rule 12(f), which provides that "only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." *Testani v. Jameson*, No. 24-2193, 2025 WL 462496, at *8 (E.D. Pa. Feb. 11, 2025). The next two averments, on the other hand, include scandalous statements that are not sufficiently related to the litigation. In essence, the allegations depict Brian Fritz as a sexual predator that used his position as a named partner to initiate a relationship with Defendant McCabe's then wife. The Court does not find these allegations related to the SCA or breach of fiduciary duty claims against Defendant McCabe.

Accordingly, the following is struck from the Answer:

1. "…in one of his prior attempts to use his position of employer over her to prey upon her" in paragraph 4 of the Amended Answer; and

2. "…prior to the discovery of the Fritz's eventual success in using his position of power to prey upon Kristy McCabe and offer her a shore house in exchange for an affair…" in paragraph 12 of the Amended Answer.

## V. CONCLUSION

For the foregoing reasons, Motion to Dismiss is granted in part and denied in part, and the Motion to Strike is granted in part and denied in part.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**