IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRITZ & BIANCULLI, LLC, d/b/a FRITZ BIANCULLI, | : : : | |
| Plaintiff, | : : | Civil Action |
| v. | : : | No. 24-cv-4741-JMY |
| PATRICK MCCABE, *et al.*, | : : | |
| Defendant. | : : | |

## **MEMORANDUM**

**Younge, J.**                                                                                                                                          **September 9, 2025**

### I.   Introduction

Currently before the Court is Plaintiff Fritz's Motion for Judgment on the Pleadings. ECF No. 72. For the reasons set forth in this Memorandum, that Motion is granted.

### II.   Procedural history

Plaintiff Fritz's Motion for Judgment on the Pleadings traces its origins to Defendant McCabe's earlier Motion to Strike.

#### A.   Motion to Strike

On October 21, 2024, Defendant McCabe moved, *inter alia*, to strike several paragraphs from Plaintiff's First Amended Complaint. ECF No. 18. On December 13, 2024, this Court granted in part and denied in part that Motion. ECF No. 35. As outlined in that ruling, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may make a motion to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter in a pleading is "immaterial when it has no essential or important relationship to the claim for relief." *Snider for Goldhirsh v. State Farm Fire & Cas. Co.*, 644 F.

Supp. 3d 141, 147 (E.D. Pa. 2022) (internal quotations and citations omitted). It is considered "impertinent when it does not pertain to the issues raised in the complaint." *Id.* And it is scandalous when it "improperly casts a derogatory light on someone, most typically on a party to the action." *Id.*

We held that paragraphs 42, 43, 56, and 63, as well as part of paragraphs 59 and 65 of Plaintiff's First Amended Complaint should be stricken. These paragraphs included details of or references to Defendant McCabe's alleged abusive treatment of his wife, which formed the basis of the restraining orders that were filed against Defendant McCabe by his wife. As we explained, "[w]hile the existence of these restraining orders may be relevant to Plaintiff's claims, particularly with regard to a potential conflict of interest in Holland & Knight's representation of Fritz Bianculli, the specific details of the alleged abuse are immaterial to Plaintiff's claims." ECF No. 35.

### B.    Motion to Dismiss the Amended Counterclaim for Defamation

On March 27, 2025, Defendant McCabe filed an Amended Counterclaim, alleging, *inter alia*, that the stricken statements constituted defamation. ECF No. 46. Plaintiff Fritz moved to dismiss this Counterclaim, arguing that statements published in pleadings are absolutely privileged and thus cannot form the basis of a defamation claim. ECF No. 51. On May 23, 2025, we denied that Motion. ECF No. 58. As outlined in that ruling, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face." *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). All well-pleaded allegations must be accepted as true and interpreted in the light most favorable to the non-moving party. *See McTernan v. City of York*, 577 F. 3d 521, 526 (3d. Cir. 2009). Furthermore, under Pennsylvania law, a publisher of defamatory material is not liable if the publication was covered by judicial privilege, defined as encompassing communications that are (1) "issued during the regular course of the judicial proceedings" and (2) "pertinent and material to those proceedings." *Bochetto v. Gibson*, 580 Pa. 245, 253, 860 A.2d 67, 73 (2004).

We held that Defendant McCabe pled facts sufficient to establish defamation, reasoning that because in ruling on the Motion to Strike the Court found that the statements were immaterial to the proceeding, the statements fail to satisfy the requirements that invoke judicial privilege. ECF No. 58.

    **C.**    **Motion for Judgment on the Pleadings**

Now, Plaintiff Fritz moves for Judgment on the Pleadings as to the Amended Counterclaim for Defamation, essentially doubling down on the arguments it made in its Motion to Dismiss. ECF No. 72. Plaintiff, in effect, asks the Court to reconsider its opinion as to whether the statements at issue are, in fact, protected by judicial privilege.

**III.**    **Analysis**

Upon reconsideration of the issue presented, the Court grants Plaintiff Fritz's Motion for Judgment on the Pleadings as to the Amended Counterclaim of Defendant McCabe because the statements at issue, though immaterial to the litigation for the purposes of a motion to strike, are nevertheless protected by judicial privilege.

    **A.**    **Standard for judgment on the pleadings**

"A motion of judgment on the pleadings should be granted if the movant establishes that there are no material issues of fact, and he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017) (internal quotations and citations omitted).

### B. Judicial privilege

Plaintiff Fritz argues that Defendant McCabe's Amended Counterclaim for Defamation fails as a matter of law because the allegedly defamatory statements are covered by judicial privilege. The Court agrees.

Communications covered by judicial privilege cannot form the basis for liability for defamation. *Pawlowski v. Morto*, 588 A.2d 36, 41 (Pa. Super. 1991). Under Pennsylvania law, judicial privilege protects communications that are (1) "issued during the regular course of the judicial proceedings," and (2) "*pertinent and material* to those proceedings." *Bochetto,* 580 Pa. at 253, 860 A.2d at 73 (emphasis added). "[A]ll doubt as to whether the alleged defamatory communication [is] indeed pertinent and material to the relief or redress sought is to be resolved in favor of pertinency and materiality." *Woodell v. Gary A. Monroe & Assocs.*, No. 3:12-CV-474, 2013 WL 1654065, at *3 (M.D. Pa. Apr. 16, 2013) (citing *Pawlowskl v. Smorto,* 403 Pa.Super. 71, 588 A.2d 36, 41 (Pa.Super.Ct.1991)). At issue in this case is the meaning of "pertinent and material"—in particular, whether the scope of these words may be broader in the context of judicial privilege than in the context of a motion to strike under Fed. R. Civ. P. 12(f). We now clarify that there are important differences between how a court considers pertinence and materiality for its

review of a motion to strike and how it considers those same concepts in determining whether judicial privilege requires granting a motion to dismiss or a motion for judgment on the pleadings.

A motion to strike and the defense of judicial privilege are distinct. Pursuant to the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). A motion to strike is not an authorized way to procure the dismissal of all or part of a complaint. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed.). As such, the issue of judicial privilege is irrelevant to a motion to strike. By contrast, motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) are dispositive motions that ask the Court to formally dismiss claims. It is in the context of such dispositive motions that judicial privilege may be raised as a defense.

The broad purpose of judicial privilege merits the outcome that statements which are "immaterial" under Fed. R. Civ. P. 12(f) may nevertheless be protected by judicial privilege. *See Schanne v. Addis*, 632 Pa. 545, 555, 121 A.3d 942, 948 (2015) ("The contours of [judicial] privilege . . . have been shaped by a case-by-case evaluation of whether its application in specific circumstances is needed to advance its underlying policy objectives."). Unlike the considerations that factor into assessing a motion to strike, judicial privilege is based on the "public policy which permits all suiters, however bold and wicked, however virtuous and timid, to secure access to the courts of justice to present whatever claims, true or false, real or fictitious, they seek to adjudicate." *Post v. Mendel*, 510 Pa. 213, 220, 507 A.2d 351, 355 (Pa. 1986); *see id.* ("it is essential that

pertinent issues be aired in a manner that is unfettered by the threat of libel or slander suits being filed").

Our conclusion that judicial privilege may cover statements that are stricken under Fed. R. Civ. P. 12(f) is strengthened by the Restatement (Second) of Torts, which offers a broad view of pertinence, and which has been relied on in multiple Pennsylvania Superior Court decisions. *See, e.g.*, *Milliner v. Enck*, 709 A.2d 417, 420 (Pa. Super. Ct. 1998); *Doe v. Wyoming Valley Health Care Sys., Inc.*, 2009 PA Super 250, ¶ 14, 987 A.2d 758, 766 (2009). The Restatement (Second) of Torts states:

> A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another . . . in the institution . . . of a judicial proceeding in which he participates, if the matter has *some relation* to the proceeding.

Restatement (Second) of Torts § 587 (1977) (emphasis added). The comments to the Restatement further clarify:

> [W]hile a party may not introduce into his pleadings defamatory matter that is *entirely disconnected* with the litigation, he is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation.

*Id.* (emphasis added).

Finally, we observe that the Pennsylvania Supreme Court cases relied on by both parties deal with judicial privilege primarily in the context of *extra-judicial* statements. *See, e.g.*, *Bochetto*, 580 Pa. at 253, 860 A.2d at 72 (judicial privilege does not protect "overpublication"—when a statement that is initially privileged is later republished to another audience outside of the proceeding); *Post*, 510 Pa. at 222, 507 A.2d at 356 (judicial privilege does not protect the contents of a letter that was not part of the judicial proceedings and was sent not only to the opposing

attorney, but also to the judge trying the case, the Disciplinary Board, and the attorney's client); *see also Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 324, 275 A.2d 53, 56 (1971) (judicial privilege does not apply to newspaper accounts of judicial proceedings). Defendant McCabe does not cite a single case in which statements that are made in pleadings have formed the basis of a defamation claim.

In the case at bar, when the Court granted in part and denied in part Defendant McCabe's Motion to Strike, it held that certain statements in Plaintiff's First Amended Complaint referencing Defendant McCabe's alleged abusive treatment of his wife should be stricken. ECF No. 35. There, we explained that while the existence of restraining orders filed against Defendant McCabe by his wife may be relevant to Plaintiff's claims, the specific allegations of abuse that formed the basis of the restraining order were "immaterial" to those claims. *Id*. When the Court later considered judicial privilege in the context of Plaintiff Fritz's Motion to Dismiss the Amended Counterclaim for Defamation, it rejected judicial privilege because it had previously found the statements to be immaterial. ECF No. 58.

The Court is now persuaded that by relying on the finding of immateriality in its motion to strike ruling, it construed judicial privilege too narrowly. In light of the "broad policy objectives" promoted by judicial privilege, *Schanne*, 632 Pa. at 555, 121 A.3d at 947, we hold that the stricken allegations of abuse are nevertheless privileged. The statements are pertinent and material to the proceedings for the purposes of judicial privilege because they are not entirely disconnected from the litigation. Even if the detailed allegations of abuse are not strictly necessary to proving Plaintiff Fritz's claim, they have some relationship to the proceedings, particularly with respect to a potential conflict of interest in Holland & Knight's representation of Fritz. The Court struck these

statements to avoid undue prejudice, but to allow these statements to form the basis of a defamation claim risks burdening the parties' ability to air their claims freely in court.

### C. The "law of the case" doctrine

Defendant McCabe argues that the "law of the case" doctrine prohibits the Court from granting Plaintiff Fritz's Motion for Judgment on the Pleadings. The Court disagrees.

The law of the case doctrine is a "prudential principle" that a "rule of law announced in a case should later be applied to the same issues in subsequent stages in the litigation." *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 836 (3d Cir. 2022) (quotations omitted). But the doctrine "does not restrict a court's power"—instead, it "governs [a court's] exercise of discretion." *Id*. at 836 n.3; see *id.* at 836 ("The law of the case may counsel against, but does not prevent, a district court from reconsidering its prior rulings."). Courts may exercise this discretion to avoid "unjust result[s]." *In re Pharm. Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quotations omitted).

Here, while this Court previously ruled at the motion to dismiss stage that the allegedly defamatory statements were not covered by judicial privilege, that ruling does not prevent the Court from coming to a different conclusion to avoid unjust results at the motion for judgment on the pleadings stage.[1]

### D. Defendant McCabe's assertion that material issues of fact exist

---

[1] While a motion for reconsideration is not squarely before the Court, the Court acknowledges that it is effectively being asked to reconsider its prior ruling. In the Third Circuit, reconsideration is appropriate if the moving party shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied] the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (cleaned up). Here, as elaborated throughout this Memorandum, in its prior ruling on Plaintiff Fritz's Motion to Dismiss, the Court overlooked the dispositive distinction between the analyses required by a motion to strike and the assertion of judicial privilege.

Defendant McCabe argues that Plaintiff Fritz's Motion for Judgment on the Pleadings must be denied since material issues of fact exist as to Defendant McCabe's defamation counterclaim. ECF No. 75 at 7–8. The Court disagrees.

In a motion for judgment on the pleadings, the Court must accept as true all factual allegations in the complaint. *Zimmerman*, 873 F.3d 414, 418. However, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Defendant McCabe's Amended Counterclaim asserts that Plaintiff reported the alleged instances of abuse to national and local news publications and that Brian Fritz and Kristy Fischer, acting in their capacity as agents of Plaintiff, reported the allegations to colleagues and members of the legal community. ECF No. 46 at ¶¶ 63–68. Defendant McCabe argues that until further discovery is conducted, material issues of fact exist as to these claims. Implied in Defendant McCabe's argument is that even if judicial privilege protects statements that Plaintiff Fritz made in its pleadings, it does not protect *extra-judicial* statements made by Plaintiff Fritz. Defendant McCabe's argument fails, however, because its Amended Counterclaim offers no facts that raise the claims of extra-judicial communications by Plaintiff Fritz above a speculative level. Defendant McCabe's mere speculation that Plaintiff Fritz *might* have communicated in the manner alleged, is not, without more, enough to survive a motion for judgment on the pleadings.

## IV.   Conclusion

For the foregoing reasons, the Motion for Judgment on the Pleadings is granted.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge