## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **FRITZ BIANCULLI, LLC,** | : | |
| Plaintiff, | : | **Civil Action No. 2:24-cv-04741** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK MCCABE,** et al., | : | |
| Defendants. | : | |

**DEFENDANT PATRICK MCCABE'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL THE DEPOSITIONS OF A 30(b)(6) DESIGNEE OF FRITZ & BIANCULLI, BRIAN FRITZ, KEVIN DURKAN, AND PASQUALE BIANCULLI**

Defendant Patrick McCabe ("Mr. McCabe") respectfully submits this Reply to Plaintiff's Response in Opposition to his Motion to Compel the depositions of a 30(b)(6) designee of Fritz & Bianculli, Brian Fritz, Kevin Durkan, and Pasquale Bianculli.

### I.   ARGUMENT

Plaintiff provides a number of baseless excuses for not producing witnesses for depositions noticed many months ago. Plaintiff, Fritz and Bianculli LLC, filed claims against Mr. McCabe alleging harm to its business, reputation, and client relations due to Mr. McCabe's allegedly unlawful access to Plaintiff's documents. Knowing such claims to be baseless and, instead, intended solely to harm and intimidate Mr. McCabe, Mr. McCabe filed a defamation claim against Plaintiff. Plaintiff is a small firm comprised of a handful of people. Plaintiff's partners, Kevin Durkan and Pasquale Bianculli, are persons with knowledge as to Plaintiff's alleged harm and the motivation behind Plaintiff's filing of this lawsuit. These witnesses were noticed months ago, and counsel for Plaintiff and Mr. McCabe have long been discussing mutual dates for their depositions. Now, Plaintiff

throws a variety of claims at the wall hoping one will stick – harassment, medical issues, unrelated proceedings, and a unilateral stay of this matter contrary to the Court's instruction – all to avoid two depositions that can be completed quickly and without undue burden. Notably, Plaintiff does not oppose Mr. McCabe's Motion to the extent it seeks Plaintiff's 30(b)(6) deposition.

### A. Plaintiff provides no valid reason that Kevin Durkan's deposition should not proceed as agreed upon by the parties.

Plaintiff generally claims that Mr. Durkan's deposition is improper and unnecessary based on unrelated events that occurred in the Fischer-McCabe divorce proceedings. Plaintiff's alleged factual information is not supported in the record and is not proper for the Court's consideration. Plaintiff asserts that, because Mr. Durkan was subpoenaed to testify during the divorce proceedings, although he was never actually *called* to testify, Mr. McCabe's deposition of Mr. Durkan in this entirely separate matter is somehow "repetitive, harassing, and unjustified." (Doc. 82 at p. 9.)  This is misleading. Although Mr. Durkan was subpoenaed to testify during the scheduled 4-day divorce trial, Mr. Durkan did not appear on two of the four days of trial and Ms. Fischer abandoned her claims to avoid testimony under oath by Mr. Durkan and Mr. Fritz the very morning they were to be called to the stand by Mr. McCabe. Nevertheless, Plaintiff's misrepresentations to this Court are of no moment.

Plaintiff's arguments stand against reason, the facts, and the discovery rules. Mr. Durkan, who has yet to be deposed, is an active partner of Plaintiff, who claims harm to its business, reputation, and client relationships. Such harm is squarely within Mr. Durkan's knowledge as one of Plaintiff's four partners, and one of only two who are not engaged to be married to each other and whose statements and conduct are not the

impetus for Plaintiff's claims here. Simply put, Mr. McCabe is entitled to the testimony of the only two partners at Plaintiff who are not actively engaged in Plaintiff's harassing and harmful prosecution of Mr. McCabe.

Further, Plaintiff's counsel previously agreed to this deposition and represented that she would provide his availability. (See Ex. 4.) Plaintiff provides no valid reason that this deposition should not proceed as planned. Nor does Plaintiff explain why Mr. Durkan's deposition must be conducted remotely over Zoom, to the extent Plaintiff is seeking this now. As such, Plaintiff should be ordered to produce Mr. Durkan for deposition.

### B. Plaintiff's representations that Pasquale Bianculli cannot sit for deposition are unsupported.

Plaintiff claims that Pasquale Bianculli is an "elderly attorney who has been essentially homebound for more than a year due to serious medical issues." (Doc. 82 at p. 8.) Upon information and belief, this is false. Mr. Bianculli posted a photo  working in office as recently as August 11, 2025. (See below and attached as **Exhibit 6**.) On August 29, 2025, Mr. Bianculli published a social media post regarding his work "as an attorney with Fritz & Bianculli LLC representing those injured in work."[1] (See below and attached as **Exhibit 7**.)

---

[1] This post on Mr. Bianculli's personal Instagram/Facebook account has since been deleted, presumably strategically to avoid contradicting Plaintiff's representations in this matter.



Plaintiff now claims Mr. Bianculli is retired. However, this representation is belied by the

fact that Mr. Bianculli has posted on social media several times over the past week about

his work at Plaintiff and is holding himself out to the public as an active attorney at Plaintiff.

In addition, Mr. Bianculli is the sole partner of his own law firm, Pasquale E. Bianculli

Esquire PC. (See https://www.pebesq.com/about/attorneys.) He manages this practice

with only one associate, his granddaughter Ciarra Bianculli. (Id.) Mr. Bianculli consistently

represents on social media and professional websites that he is an active partner and

attorney at both Plaintiff and his own firm, which share an office at 22 Wolf Street, Suite

2B, Philadelphia, PA 19148.

Plaintiff represents that Mr. Bianculli "has previously provided a doctor's note."

(Doc. 82 at p. 8.) However, Mr. McCabe has no record of this alleged doctor's note in this

litigation. It is unclear to what "note" Plaintiff is referring or when it was provided to Mr. McCabe. Nor does Plaintiff attach this note to its Opposition. Plaintiff has produced no evidence suggesting that Mr. Bianculli is unable to answer questions under oath and is "essentially homebound." If Mr. Bianculli is truly unable to travel for a deposition, his deposition can be taken remotely over Zoom video conference. Put simply, if Mr. Bianculli can actively hold himself out to the public as a practicing attorney and partner of Plaintiff in daily social media posts, then he can answer questions over Zoom in a deposition. Further, Mr. Bianculli's testimony is relevant for the same reason as Mr. Durkan's: he is a partner of Plaintiff with knowledge as to any alleged harm suffered by the firm due to Mr. McCabe's alleged conduct. Mr. Bianculli is one of two equity partners at Plaintiff whose statements are not propping up this litigation against Mr. McCabe. If Mr. Bianculli has no knowledge relevant to this matter, as Plaintiff claims, his deposition should be brief and impose very little burden. Nevertheless, Mr. McCabe does not need to take Plaintiff's word for what Mr. Bianculli does and does not know. As such, Plaintiff should be ordered to produce Mr. Bianculli for deposition.

### C. No stay has been entered in this matter and Plaintiff's arguments for a stay are moot.

Now that the Court has entered a decision on Plaintiff's Motion for Judgment on the Pleadings (see Docs. 83-85.), Plaintiff's argument that this matter should be stayed pending a decision on the Motion is moot. Mr. Bianculli and Mr. Durkan must be deposed regardless of the outcome of Plaintiff's pending motion due to their knowledge regarding Plaintiff's claims and alleged damages. Further, the parties have not otherwise agreed to a stay and the Court has not entered one. Plaintiff's renewed request for a stay here is improper and should not be considered in connection with Mr. McCabe's instant Motion

to Compel. Plaintiff has not filed a motion seeking a stay and cannot use Mr. McCabe's Motion as a vehicle to do so. As such, Mr. McCabe's Motion should be granted so that the parties may proceed with discovery, as directed by the Court.

## II.    CONCLUSION

For the foregoing reasons, Mr. McCabe respectfully requests that this Court grant his Motion.

Respectfully submitted,

Date:  September 9, 2025                    /s/ Joe H. Tucker, Jr.
                                            **TUCKER LAW GROUP, LLC**
                                            Joe H. Tucker, Jr., Esquire
                                            Jessica A. Rickabaugh, Esquire
                                            Nancy Fisher Onaderu, Esquire
                                            Ten Penn Center
                                            1801 Market Street, Suite 2500
                                            Philadelphia, PA 19103
                                            (215) 875-0609
                                            *Attorneys for Defendant Patrick McCabe*

## <u>CERTIFICATE OF SERVICE</u>

I, Joe H. Tucker, Jr., Esquire certify that on this date, I caused a copy of the foregoing document to be electronically filed through the Court's ECF System and that a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document.

**TUCKER LAW GROUP, LLC**

Date:  September 9, 2025

<u>/s/ Joe H. Tucker, Jr.</u>
Joe H. Tucker, Jr., Esquire

# EXHIBIT 6



Pasquale Bianculli updated his cover photo.
Aug 11

👍 Like          💬 Comment          ↪ Share

👍❤️ 299

3 shares

📷  Comment as Patrick Mc...  🤓 GIF 🙂

# EXHIBIT 7



Pasquale Bianculli

**Posts**  About  Reels  Photos

**Pasquale Bianculli**
1d · 🌐

As a proud retiree from both Ironworkers Local 405 and IBEW Local 98, and as an attorney with Fritz & Bianculli LLC representing those injured in work, I deeply respect the labor movement and the incredible contributions it makes to our society. As we celebrate this well-deserved holiday, I want to express my heartfelt gratitude to all my brothers and sisters in labor. Your unwavering commitment and hard work are what drive our communities forward. Wishing everyone a blessed and safe Labor Day weekend! May this time be filled with joy, relaxation, and cherished moments with loved ones. 🛠️ 👷 ⚖️ ✨
To all my dear Facebook friends, have a Happy, Safe and Blessed Labor Day. Please keep in our thoughts and prayers our Beloved Angels in Heaven above. ❤️ 💙 😇 🪽

