**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRITZ BIANCULLI, LLC,** | : | **Civil Action No. 2:24-cv-04741** |
| Plaintiff, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK MCCABE, HOLLAND AND** | : | |
| **KNIGHT, LLP, JEAN DONOHUE, AND** | : | |
| **ERIC BERG,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT PATRICK MCCABE'S REPLY TO PLAINTIFF'S RESPONSE TO HIS**
**MOTION TO COMPEL KRISTY FISCHER'S SECOND DEPOSITION**

Defendant Patrick McCabe ("Mr. McCabe") respectfully submits this Reply to Plaintiff's Response in Opposition to his Motion to Compel Plaintiff to produce Kristy Fischer for second deposition via Zoom video conference due to her refusal to answer questions on relevant and material topics at her July 2, 2025 deposition.

**I.    ARGUMENT**

Plaintiff's Opposition mischaracterizes the information sought by Mr. McCabe's counsel during Kristy Fischer's deposition as seeking her "financial standing" that is "wholly irrelevant" to the claims and defenses in this matter. (See Doc. 81.) This is not the case. In reality, both Plaintiff's and Mr. McCabe's claims and defenses here are premised on their opposing theories that conduct in the divorce proceedings led to the initiation of this case. Plaintiff's evidence of Mr. McCabe's allegedly unlawful conduct are the screenshots taken of Ms. Fischer's emails with Brian Fritz regarding their romantic and *financial affairs*. By filing this lawsuit and alleging that Mr. McCabe searched Ms. Fischer's email for information to use against her in the divorce proceedings, Plaintiff has opened

1

the door for discovery into the information Mr. McCabe allegedly accessed and used. Likewise, underlying Mr. McCabe's defense to Plaintiff's claims is Mr. McCabe's contention that Ms. Fischer and Mr. Fritz used Plaintiff to initiate this lawsuit to intimidate and harm Mr. McCabe in the divorce proceedings. Plaintiff's motivation was *because* Mr. McCabe exposed the financial misconduct of Mr. Fritz and Ms. Fischer. Thus, Kristy Fischer's financial relationship with Brian Fritz and Plaintiff is directly relevant to the claims and defenses at issue in this lawsuit.

The cases Plaintiff cites in its Opposition are distinguishable from the type of financial discovery sought here. Both <u>Ferraro</u> and <u>Bogosian</u> involved the discovery of financial information relating to the plaintiffs' fee arrangements with their counsel. <u>See</u> <u>Ferraro v. Gen. Motors Corp.</u>, 105 F.R.D. 429 (D.N.J. 1984); <u>Bogosian v. Gulf Oil Corp.</u>, 337 F. Supp. 1228 (E.D. Pa. 1971). Such information was deemed not relevant to the subject matter of the lawsuit. <u>Id.</u> Unlike in <u>Ferraro</u> or <u>Bogosian</u>, Mr. McCabe has not requested that Ms. Fischer produce sensitive financial documents such as her tax returns. Nor has Mr. McCabe inquired into subject matter tangential to the claims at issue, such as Ms. Fischer's fee arrangement with her counsel. Rather, Mr. McCabe's counsel asked specific questions regarding Ms. Fischer's compensation by Plaintiff and Brian Fritz, Plaintiff's namesake and Ms. Fischer's partner. (<u>See</u> Ex. 1 at 48:2-10 ("So let me get this straight, Counsel. You will not allow this witness to answer the question as to whether or not the owner of the plaintiff, the plaintiff's owner, Mr. Fritz, determines her compensation so that we could ask her about questions dealing with bias? You're not going to let her answer that?").) Plaintiff's counsel instructed Ms. Fischer to not answer these narrow

questions, which are relevant to the claims at issue, fall within the broad scope of discovery, and go to her credibility as a witness. (Id. at 48:11-16.)

Further, Plaintiff, based upon statements made by Ms. Fischer, has alleged scandalous material against Mr. McCabe relating to the parties' motivations in this litigation. Other than Mr. McCabe, Ms. Fischer is the only person with knowledge as to the truth or falsity of the statements made by Plaintiff regarding Mr. McCabe. Thus, Ms. Fischer's credibility, including as evidenced by her financial arrangements with Plaintiff and Mr. Fritz, are squarely at issue in the claims and defenses alleged in this matter. Mr. McCabe's ability to defend himself would be severely prejudiced if he is unable to address these issues in Ms. Fischer's deposition. Plaintiff has put Ms. Fischer's credibility and reputation for truthfulness squarely at issue in this matter, making it a relevant and necessary area of discovery.

Discovery is relevant where "there is *any possibility* that the information requested may be relevant to the **general subject matter of the action**." Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994) (emphasis added). Here, the information sought regarding Ms. Fischer's financial compensation by Plaintiff and Brian Fritz is relevant to the "general subject matter" of this lawsuit and is, therefore, discoverable. Ms. Fischer's financial arrangements with Plaintiff and Mr. Fritz relate to the theories and intentions underlying the parties claims and Ms. Fischer's credibility as a key witness in this case. Plaintiff cannot raise Mr. McCabe's and Ms. Fischer's conduct during the divorce proceedings as the root of its claims here and then prevent the parties from conducting discovery into those issues. As such, Plaintiff must produce Ms. Fischer for a second deposition on these topics.

Lastly, Plaintiff's Opposition fails to address the fact that, under the Pennsylvania Rules of Civil Procedure and Eastern District precedent, *relevance* is ***not*** a proper basis to instruct a witness not to answer questions in a deposition. <u>See</u> Fed. R. Civ. P. 30(c)(2); <u>Pa. State Lodge FOP v. Twp. of Springfield</u>, No. 23-332-KSM, 2023 U.S. Dist. LEXIS 91492, at *9 (E.D. Pa. May 25, 2023); <u>Nordetek Envt'l, Inc. v. RDP Tech., Inc.</u>, Civil Action No. 09-4714, 2011 U.S. Dist. LEXIS 165473, at *10 (E.D. Pa. Nov. 28, 2011) ("Rule 30 makes plain, and the case law of this District confirms, that relevance is not ordinarily an adequate basis upon which a deponent may decline to answer a question."). For this reason alone, Mr. McCabe's Motion should be granted.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Mr. McCabe respectfully requests that this Court grant his Motion.

Respectfully submitted,

Date:  September 9, 2025

/s/ Joe H. Tucker, Jr.
**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire
Jessica A. Rickabaugh, Esquire
Nancy Fisher Onaderu, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Defendant Patrick McCabe*

## CERTIFICATE OF SERVICE

I, Joe H. Tucker, Jr., Esquire certify that on this date, I caused a copy of the foregoing document to be electronically filed through the Court's ECF System and that a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document.


**TUCKER LAW GROUP, LLC**

Date:  September 9, 2025          /s/ Joe H. Tucker, Jr.
                                 Joe H. Tucker, Jr., Esquire