IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **FRITZ BIANCULLI**, | ) | CIVIL ACTION |
| | ) | NO. 24-4741-JMY |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **PATRICK MCCABE**, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

**AND NOW**, this ____ day of _____, 2025, upon consideration of Plaintiff Fritz & Bianculli's Motion for Protective Order and Sanctions Against Defendant Patrick McCabe, any response thereto, and the record as a whole, it is hereby **ORDERED** Plaintiff's Motion is **GRANTED**. It is further **ORDERED**:

1. Defendant Patrick McCabe may not attend the deposition of Brian Fritz in person.

2. Defendant McCabe shall refrain from contacting Plaintiff, including Plaintiff's employees, for any reason, with the extremely limited exception that he may communicate with Kristy Fischer regarding their children and their children **ONLY.** Any violation of this provision shall result in a finding of contempt and appropriate sanctions shall follow.

3. This Court shall refer Defendant McCabe to the Disciplinary Board of the Supreme Court of Pennsylvania.

4. Defendant McCabe shall be sanctioned in an amount to be determined upon a petition for fees submitted by Plaintiff for the fees and costs incurred in preparing and prosecuting its Motion.

BY THE COURT:

_____
HONORABLE JOHN MILTON YOUNGE
U.S. District Judge

ii

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **FRITZ BIANCULLI**, | ) | CIVIL ACTION |
|  | ) | NO. 24-4741-JMY |
| *Plaintiff*, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **PATRICK MCCABE**, *et al.*, | ) |  |
|  | ) |  |
| *Defendants*. | ) |  |

### PLAINTIFF FRITZ BIANCULLI'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS AGAINST DEFENDANT PATRICK MCCABE

Plaintiff Fritz & Bianculli, LLC d/b/a Fritz Bianculli ("Plaintiff"), by and through undersigned counsel Bochetto & Lentz, P.C., hereby submits this Motion for Protective Order and Sanctions against Defendant Patrick McCabe ("Plaintiff" or "McCabe").

Defendant McCabe has egregiously violated both the instructions of this Court and Pennsylvania Rule of Professional Conduct 8.2. Defendant McCabe, a licensed attorney, contacted Plaintiff's employee on September 9, 2025—immediately following this Court's Order dismissing Defendant McCabe's counterclaim—accusing this Court and Plaintiff of judicial and attorney misconduct in the form of bribery.

As set forth more fully in the accompanying Memorandum of Law, such conduct warrants the intervention of this Court, including reasonable limitation on Defendant McCabe's contact with Plaintiff and a referral to the Disciplinary Board of the Supreme Court of Pennsylvania.

**WHEREFORE**, Plaintiff Fritz & Bianculli, LLC respectfully requests this Court grant its Motion for Protective Order and for Sanctions in substantial accordance with the proposed form of Order submitted herewith. Plaintiff further requests such other and further relief as the Court deems just and proper.

                                                Respectfully Submitted,

                                                **BOCHETTO & LENTZ, P.C.**

September 10, 2025                By:  */s/ George Bochetto*
                                                GEORGE BOCHETTO, ESQUIRE
                                                PA ID No. 27783
                                                gbochetto@bochettoandlentz.com
                                                KIERSTY DEGROOTE, ESQUIRE
                                                PA ID No. 326081
                                                kdegroote@bochettoandlentz.com
                                                RYAN T. KIRK, ESQUIRE
                                                PA ID No. 329492
                                                rkirk@bochettoandlentz.com
                                                1524 Locust Street
                                                Philadelphia, PA 19102
                                                215-735-3900
                                                *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **FRITZ BIANCULLI**, | ) | CIVIL ACTION |
|  | ) | NO. 24-4741-JMY |
| *Plaintiff*, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **PATRICK MCCABE**, *et al.*, | ) |  |
|  | ) |  |
| *Defendants*. | ) |  |
|  | ) |  |

**PLAINTIFF FRITZ BIANCULLI'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS AGAINST DEFENDANT PATRICK MCCABE**

Plaintiff Fritz & Bianculli, LLC d/b/a Fritz Bianculli ("Plaintiff"), by and through undersigned counsel Bochetto & Lentz, P.C., hereby submits this Memorandum of Law in Support of Plaintiff's Motion for Protective Order and Sanctions against Defendant Patrick McCabe ("Plaintiff" or "McCabe").

I. **INTRODUCTION**

Despite the Court's prior admonition that the Court "would not hesitate to refer attorney McCabe to the Disciplinary Board," Defendant McCabe has now blatantly violated yet another Rule of Professional Conduct by accusing this Court of accepting bribes from Plaintiff in exchange for a favorable ruling. Rule of Professional Conduct 8.2 explicitly forbids an attorney from making a false statement regarding the "integrity of a judge." Defendant McCabe has violated Professional Rule of Conduct 8.2, among others, and thus Plaintiff respectfully requests this Court refer Defendant McCabe to the Disciplinary Board—a consequence for which Defendant McCabe received ample warning and opportunity to avoid.

Defendant McCabe was specifically and carefully instructed by this Court to behave professionally. Despite such clear warning, the continued patience of this Court, and a Court Order forbidding such conduct from the New Jersey Family Court, Defendant McCabe cannot restrain himself—immediately following the Court's September 9, 2025 Order dismissing Defendant McCabe's counterclaim against Plaintiff, Defendant McCabe sent the following text message to Plaintiff's employee Kristy Fischer:



*Figure A*

This message is **<u>despicable</u>**. It is one thing to harass and annoy your ex-wife for your own personal edification. It is entirely another to send, in writing, an accusation that a federal judge and a licensed attorney colluded to engage in fraudulent conduct.

Defendant McCabe cannot be permitted to continue his farce and mockery of this Court, this process, or this profession. Plaintiff respectfully requests this Court take the necessary steps to make that message clear, including but not limited to barring McCabe's physical presence at the deposition of Brian Fritz, barring further contact between McCabe and Plaintiff, and referring Defendant McCabe to the Disciplinary Board.

II.  **<u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>**

This case arises out of Defendant Patrick McCabe's unauthorized access to confidential legal files and emails belonging to Plaintiff Fritz & Bianculli, LLC. On May 23, 2025, the Court dismissed Defendant's counterclaims for malicious prosecution and abuse of process, leaving only Count III (defamation), as the sole remaining counterclaim. *See* ECF No. 59, ¶ 1. On September 9, 2025, this Court dismissed Defendant McCabe's defamation counterclaim on the basis of judicial privilege. *See* ECF Nos. 83, 84, 85.

The Court previously held a status conference on July 17, 2025 to discuss the logistics of Kristy Fischer's deposition. Plaintiff objected to Mr. McCabe's insistence on attending the same in person, citing concerns regarding the conduct of Defendant McCabe based on occurrences before the New Jersey Family Court during the pendency of Ficher's divorce proceeding against Defendant McCabe—including the Family Court's instruction that McCabe was forbidden from communication with Ms. Fischer regarding *anything* other than their children.

This Court permitted the parties to proceed with Ms. Fischer's deposition under the live supervision of the Court, with the express verbal instruction to Mr. McCabe's counsel that the Court "would not hesitate to refer Defendant McCabe to the Disciplinary Board" if McCabe engaged in inappropriate conduct. The Court sought assurances from McCabe's counsel that Mr. McCabe would receive this explicit instruction, which counsel provided.

The deposition of Kristy Fischer ultimately proceeded virtually—although now McCabe seeks to compel her for a second day of testimony to question her regarding her personal finances. Plaintiff's objection to this blatant abuse and punishment of Ms. Fischer is the subject of a separate, pending motion.

Yet despite all of the above circumstances and the clear warning from the Court, Defendant McCabe cannot refrain from violative conduct. The Court's Order dismissing McCabe's

3

defamation counterclaim was delivered via ECF at 4:01 PM on September 9, 2025. Less than a half hour later, Defendant McCabe texted Kristy Fischer "how much did that cost your boss in bribes?" See *Figure A, supra.*

Obviously, as the Court is aware, there was no "bribery" between Plaintiff and the Court. Defendant McCabe is fully aware such statement was false. Defendant McCabe intentionally made such false statement concerning the integrity of this Court.

### III.    ARGUMENT

#### i. Defendant McCabe should be barred from attending the deposition of Brian Fritz in person

Pennsylvania Rule of Civil Procedure 4012(a) provides that a court may issue a protective order upon motion by a party or the person from whom discovery or deposition is sought, and for good cause shown. Rule 4012 allows this Court to specify the "conditions" of a deposition sought, including limitation on who may attend. *See* Rule 4012(a)(2),(6).

Plaintiff requests this Court forbid Defendant McCabe from attending the deposition of Brian Fritz in person.  As the Parties have routinely demonstrated, Mr. McCabe has ample ability to attend virtually. As McCabe's own conduct has demonstrated, he does not have the self-control necessary to afford such privilege. Defendant McCabe's inability to refrain from threatening, accusing, and otherwise accosting behavior towards Brian Fritz—even in light of clear instructions from the Court otherwise—justify excluding him from live attendance.

McCabe and his counsel are more than capable of communicating virtually during the deposition of Brian Fritz—which cannot be disputed in good faith, as the depositions of both McCabe and Ms. Fischer have already been conducted entirely virtually. There is, accordingly, no prejudice resulting to Defendant McCabe from this reasonable limitation.

ii.  **Defendant McCabe should be barred from further contact with Plaintiff, excepting communications with Ms. Fischer regarding *only* their children**

Under Rule 4012, "[u]pon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance [or] embarrassment…." Pa.R.C.P. No. 4012.

Here, Plaintiff has unquestionably suffered extensive annoyance and embarrassment as a result of Defendant McCabe's improper conduct. Defendant McCabe, a licensed attorney and "Partner" at a law firm in Philadelphia, continues to threaten and attempt to intimidate Plaintiff and its employees. His past antics include antagonistic comments, defamatory insults, and predatory behavior. His current conduct has now spread to the judiciary, and Defendant McCabe is heedlessly disseminating accusations of bribery and fraud.

It is an appropriate and proportionate remedy to Order Defendant McCabe refrain from further contact with Plaintiff and its agents. All parties are represented by counsel and there is no legitimate reason Defendant McCabe need contact Plaintiff or its agents regarding this matter.

The *only* exception to this is Plaintiff's understanding that Defendant McCabe and Kristy Fischer must communicate with respect to their children, which should be the exclusive topic and subject of any contact between the Parties directly.

iii.  **Defendant McCabe is subject to referral to the Disciplinary Board of the Supreme Court of Pennsylvania**

Pennsylvania Rule of Professional Conduct 8.2 forbids precisely this sort of conduct: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge…" See P.R.P.C. 8.2.

5

McCabe knows his accusations of bribery against this Court and Plaintiff are false. At a minimum, he demonstrates reckless disregard for the veracity of this statement, as McCabe had no basis whatsoever to publicly accuse the Court of corruption to another member of the bar.

This Court has already warned Defendant McCabe regarding his conduct and the Court's intention to refer him to the Disciplinary Board if Defendant McCabe did not remain within professional bounds. McCabe's conduct has now unquestionably crossed that line.

The Rules of Professional Conduct are clear: Defendant McCabe may not casually disperse accusations of bribery against a federal judge without consequence. The time is nigh for this Court to remind Defendant McCabe of his obligations as a member of the bar and for Defendant McCabe to reap the consequences for his flagrant disregard thereof.

### iv. **Defendant McCabe should be sanctioned in the form of costs for the filing of this Motion**

This Court has broad authority to fashion sanctions under Pennsylvania Rule of Civil Procedure 4019, particularly when a party fails to adhere to Court order. Here, Defendant McCabe explicitly violated this Court's instruction to refrain from witness harassment, intimidation, and abuse. Defendant McCabe further violated the Court's instruction to refrain from unprofessional behavior.

As a result, this Court has authority and discretion to sanction Defendant McCabe. Plaintiff respectfully requests this Court enter an Order sanctioning Defendant McCabe in an amount commensurate to the attorneys fees and costs incurred by Plaintiff in the preparation and prosecution of this Motion.

## v.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court grant its Motion for Protective Order and for Sanctions and enter an Order in substantial accordance with the form of Order submitted herewith.

                                                Respectfully Submitted,

                                                **BOCHETTO & LENTZ, P.C.**

September 10, 2025                 By:  */s/ George Bochetto*
                                                GEORGE BOCHETTO, ESQUIRE
                                                PA ID No. 27783
                                                gbochetto@bochettoandlentz.com
                                                KIERSTY DEGROOTE, ESQUIRE
                                                PA ID No. 326081
                                                kdegroote@bochettoandlentz.com
                                                RYAN T. KIRK, ESQUIRE
                                                PA ID No. 329492
                                                rkirk@bochettoandlentz.com
                                                1524 Locust Street
                                                Philadelphia, PA 19102

## **CERTIFICATE OF SERVICE**

I, *George Bochetto, Esquire*, hereby certify that a true and correct copy of the forgoing was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon all parties of record through this Court's ECF System.

**BOCHETTO & LENTZ, P.C.**

Dated: September 10, 2025  By:  */s/ George Bochetto*
                                 GEORGE BOCHETTO, ESQUIRE